COMMONWEALTH *vs.* JAMES SAMPSON & GAMALIEL SAMPSON

Two defendants joined in one complaint under Gen. Sts. *c.* 84, § 1, for doing work upon the Lord's day, may be jointly convicted upon proof of a joint act in violation of the statute.

A complaint under Gen. Sts. *c.* 84, § 1, for doing work on the Lord's day, need not aver that the defendant did not conscientiously believe that the seventh day of the week ought to be observed as the Sabbath.

The gathering of sea-weed about ten o'clock on the evening of the Lord's day, on a beach at a considerable distance from any house or public road, is not a work of necessity in the sense of Gen. Sts. *c.* 84, § 1, although it will probably be floated away beyond reach unless then gathered.

COMPLAINT under the Gen. Sts. *c.* 84, § 1, alleging that the defendants, at Scituate, on the Lord's day, " did and performed certain labor, business and work, to wit, by pitching kelp or sea-manure into a cart and hauling the same up the beach, the said ,abor, business and work not being then and there work of necessity or charity."

The case was tried in the superior court, before *Vose*, J., on appeal from the judgment of a trial justice; and, before the

jury were impanelled, the defendants filed a motion to quash the proceedings for the alleged reasons, among others, that the defendants were improperly joined in the same complaint while their alleged offences were separate and distinct, and that the complaint contained no averment that the defendants " were not of those who conscientiously believe that the seventh day of the week ought to be observed " as the Sabbath. This motion the judge overruled; and, the case proceeding to trial, the facts appeared in evidence as follows :

The defendants, who were farmers, had a license, for which they made an annual payment, from the owner of a beach near Scituate harbor, distant about four miles from where they lived, to gather sea-weed thereon, which is a substance in common use in the neighborhood for manuring land for agricultural purposes. On Saturday, November 25, 1864, there was a storm which threw up on the beach a large quantity of sea-weed, which, about ten o'clock on Sunday evening, November 26, the defendants were engaged in gathering on the space between the marks of high water and low water, and with which, when gathered, they loaded a cart drawn by oxen, which one of them drove to the top of the beach above high water mark, where they then discharged the load. The place where they were thus engaged was at a considerable distance from any house or public road. The tide was low at the time, and there was a fresh breeze blowing in a direction which, on other occasions, had frequently caused sea-weed to float away from the beach when the tide rose and be wholly lost or else conveyed to places where the defendants could not obtain it.

On these facts the judge instructed the jury that the work of the defendants was not such a work of necessity as exempted them from the penalty of the statute, although the sea-weed might have been floated away or injured unless removed at the time in question.

The jury returned a verdict of guilty; and the defendants alleged exceptions.

*P. Simmons,* for the defendants.

*C. Allen,* Attorney General, for the Commonwealth

HOAR, J. The defendants were convicted of doing work, labor and business on the Lord's day, the same not being works of necessity or charity, in violation of Gen. Sts. *c.* 84, § 1; and several exceptions were taken at the trial.

1. The first ground of exception is, that they could not be jointly convicted, the offence being in its nature a distinct offence in each. We are of opinion that this objection cannot prevail. The act which the statute makes an offence, and which is prohibited as a disturbance of the quiet of the Lord's day, and from its evil effect and example, is one which may be in its nature, and appeared upon the proof to be in this case, a joint act. It is more analogous to the creating or maintaining of a public nuisance than to the case of perjury or blasphemy, which is necessarily the separate act of a single person.

2. We can have no doubt that the complaint is sufficient without other negative averments. If the defendants could show that the proviso in the ninth section applied to them, they could avail themselves of it in defence. *Commonwealth* v. *Trickey*, 13 Allen, 559.

3. The more important question is upon the last exception, whether there was sufficient evidence to go to the jury that the work in which the defendants engaged on the Lord's day was a work of necessity or charity. The work was gathering and carrying away sea-weed from a beach, on which the tide had deposited it, and from which the next tide might sweep it away. The supposed necessity arises from the fact that the sea-weed was valuable, and that, if not then secured, it might be lost.

It is not easy to give a precise rule for cases of this kind, some of which come very near the line. The definition which has been given of the phrase " works of necessity or charity," that " it comprehends all acts which it is morally fit and proper should be done on the Sabbath," may itself require some explanation.

To save life, or prevent or relieve suffering, and this in the case of animals as well as men; to prepare needful food for man and beast; to save property, as in the case of fire, flood, or

tempest, or other unusual peril, would unquestionably be acts which fall within the exception. But it is no sufficient excuse for work on the Lord's day, that it is more convenient or profitable if then done than it would be to defer or omit it. *Jones v Andover,* 10 Allen, 18. And we think that the ruling at the trial in this case was on the whole right, and that taking the sea-weed was not a work of necessity within the meaning of the law.

If a vessel had been wrecked upon the beach, it would have been lawful to work on Sunday for the preservation of property which might be lost by delay. But if the fish in the bay or the birds on the shore happened to be uncommonly abundant on the Lord's day, it is equally clear that it would furnish no ex cuse for fishing or shooting on that day. How it would be if a whale happened to be stranded on the shore, we need not determine. Whether a case wholly exceptional, and involving a large amount of accessible value, would require any modifica· tion of the rule, is not now in question. The deposit of sea-weed upon the shore by the waves, if not constant, is frequent. It is not property which has been reduced into possession, and afterward been *exposed to loss* or hazard. There was no certainty, or strong probability, that equally good opportunities of gathering it would not often recur, on other days. The collecting of it on the beach as it is found there from time to time is one of the ordinary branches of agricultural labor. We therefore think that the work of the defendants was not a work of necessity, and that the jury were rightly instructed.

*Exceptions overruled.*