## COMMONWEALTH *vs.* CHARLES S. JOSSELYN.

An averment in a complaint that the defendant hoed "in his field" on the Lord's day is sufficiently supported by evidence that on the Lord's day he hoed "in a field in a part of his garden."

The fact that crops in a field are suffering from want of hoeing does not make the hoeing of them on the Lord's day a work of necessity or charity; and on the trial in the superior court of a complaint for doing such work on the Lord's day, the question whether it was work morally fit and proper then to be done is not one necessary to be submitted to the jury.

COMPLAINT under the Gen. Sts. *c.* 84, § 1, for doing work not of necessity or charity on the Lord's day. The work specified as done by the defendant was "hoeing in his field."

At the trial in the superior court, before *Vose,* J., the only witness for the government testified that about eight o'clock on the morning of Sunday, June 24, 1866, he saw the defendant "hoeing for about an hour in a field back of the defendant's house; that it was a part of the defendant's garden near the defendant's house."

The defendant contended "that a charge of hoeing in his field was not supported by proof of hoeing in his garden, it appearing that there was a field of the defendant adjoining;" but the judge overruled this objection.

The defendant, who was a shoemaker, testified that he worked as such in coöperation with others who would be obliged to remain idle unless his subdivision of the work was promptly performed whenever it was ready for him; that on the two days preceding the Sunday in question he had not worked at his trade, but had given the greater part of the time to cultivating his crops at home, and had been engaged in that labor by moonlight on Saturday evening; that when he left off work on that evening "a few hills remained unfinished and in very bad condition and suffering for want of hoeing;" and that he was expecting to go to work with his gang at shoemaking on Monday morning. But it appeared also by his testimony that he did not go to work with the gang on Monday; and his evidence was "in some respects" controverted by the government.

The defendant contended that if it was morally fit and proper that the hoeing complained of should be done on the Lord's day, it was a work of necessity and charity, which the defendant might lawfully do, and that the moral fitness and propriety of the defendant's act was a question for the jury ; and asked the judge so to rule. But the judge refused the requested ruling and instructed the jury " that if they should be satisfied that the defendant performed the labor on the Sunday in question, as alleged, he was liable to the penalty of the statute, although he might have been unable to complete the cultivation of his crops during the other six days of the week in consequence of having been occupied at his trade or other engagements or employments."

The jury returned a verdict of guilty ; and the defendant alleged exceptions.

*P. Simmons,* for the defendant, to the point that the question of the moral fitness and propriety of the work should have been submitted to the jury, cited *Commonwealth* v. *Barry,* 9 Allen, 276 ; *Bennett* v. *Brooks,* Ib. 118.

*C. Allen,* Attorney General, for the Commonwealth.

BY THE COURT. The defendant's exceptions cannot be sustained. The complaint charged him with working on the Lord's day by hoeing in his field ; and the evidence for the Commonwealth was that he was hoeing in a field, in a part of his garden. There is no variance. Whether a garden is always a field or not, it may be in a field; and this was. The complaint was sufficient, and there was nothing to show any necessity for the defendant's labor on that day.          *Exceptions overruled.*