TIMOTHY MCGRATH *vs.* JAMES J. MERWIN & another.

The clearing out of a wheel-pit on the Lord's day, for the purpose of preventing the stoppage, on a week day, of mills which employed many hands, is not a work of necessity or charity under Gen. Sts. *c.* 84, § 1.

The plaintiff gratuitously and as a matter of kindness assisted the defendants in clearing out a wheel-pit on the Lord's day, for the purpose of preventing the stoppage, on a week day, of the defendants' mills. In an action for personal damage caused by the defendants' negligence, *Held,* that the fact that the plaintiff worked gratuitously and as a matter of kindness, did not make his work a work of charity under Gen. Sts. *c.* 84, § 1.

The plaintiff sustained personal damage from the negligence of the defendants while assisting them in their work on the Lord's day : in an action to recover for such damage, *Held,* that the plaintiff's illegal act in working upon the Lord's day was so inseparably connected with the cause of action as to prevent his maintaining the suit.

TORT for personal damage caused by the defendants' negligence.

At the trial in the Superior Court, the plaintiff offered to prove that on Sunday, June 24, 1871, while he was at work in a wheel-pit, used by the defendants, in connection with the machinery of extensive paper mills, and while he was in the exercise of due care he was hurt, by the negligence and carelessness of the defendants in setting the machinery and wheel in motion ; that he was engaged in the work at the request of the defendants, gratuitously, and as a matter of kindness to them, it being unconnected with his ordinary work, and of no interest to him in any way, he not being an employee of the defendants ; that the work he was doing consisted in digging the sand from the wheel-pit so as to enable a pump to be used to clear it of water, which frequently settled into the pit so as to impede the action of the wheel and of the machinery of the defendants' mills, it being necessary, whenever such impediments occurred, for the defendants to stop their work at a very large loss, and remove the water; that the defendants were doing a large business, which employed many hands and required the running of their mills from twelve o'clock Monday morning to twelve o'clock Saturday night, and that the work done on this occasion would obviate the necessity of stopping the machinery in future ; that the defendants were present on this occasion with the plaintiff, directing how the work should be done, and that their meeting was by the previous arrangement of the parties.

Upon this offer of proof, *Bacon*, J., ruled that the action could not be maintained, and by consent of parties, before verdict, reported the questions of law to this court. If the ruling was correct, the plaintiff is to become nonsuit ; otherwise, the case is to stand for trial.

*E. B. Gillett & H. B. Stevens*, for the plaintiff.

*G. M. Stearns, (W. B. C. Pearsons & M. P. Knowlton* with him,) for the defendants.

MORTON, J. The statute makes it unlawful to do " any manner of labor, business or work, except works of necessity and charity," on the Lord's day. Gen. Sts. *c.* 84, § 1. The plaintiff's offer of proof discloses that he was at work in the defendants wheel-pit, digging out the sand so as to enable a pump to be used

to clear it of water which frequently settled into the pit, so as to impede the action of the wheel, and that while so at work he was injured by the carelessness of the defendants in setting the wheel in motion. The only reason for doing the work on the Lord's day was, that the defendants were doing a large business, employing many hands, and " the work done on the occasion would obviate the necessity of stopping the machinery in future." The whole import of this is that it was more convenient and profitable to repair the wheel-pit on the Lord's day than it would be to do it on any secular day. This does not make it a work of necessity or charity within the exception of the statute. *Commonwealth* v. *Sampson,* 97 Mass. 407. *Commonwealth* v. *Josselyn,* 97 Mass. 411. The fact that the plaintiff was doing the work gratuitously, at the request of the defendants, does not take the case out of the letter or the spirit of the statute.

The decisions in this Commonwealth are numerous and uniform to the effect that the plaintiff, being engaged in a violation of law, cannot recover, if his own illegal act was an essential element of his case as disclosed upon all the evidence. The cases upon this subject are reviewed in *Myers* v. *Meinrath,* 101 Mass. 366; *Hall* v. *Corcoran,* 107 Mass. 251, and *Cranson* v. *Goss,* 107 Mass. 439.

The rules of law, as applied to actions of tort for injuries, like the case at bar, are, that if the illegal act of the plaintiff contributed to his injury, he cannot recover; but though the plaintiff at the time of the injury was acting in violation of law, if his illegal act did not contribute to the injury but was independent of it, he is not precluded thereby from recovering. Of the latter class are the cases, cited by the plaintiff, of *Spofford* v. *Harlow,* 3 Allen, 176; *Steele* v. *Burkhardt,* 104 Mass. 59, and *Kearns* v. *Sowden,* 104 Mass. 63. But the case at bar falls within the first named class of cases. The illegal act of the plaintiff was inseparably connected with the cause of action and contributed to his injury. The difference between the two rules may be illustrated by supposing the plaintiff, while engaged in his work, to have been assaulted by a stranger; he could maintain an action therefor, because his violation of law had no connection with the trespass.

The two are contemporary facts, but the one has nothing to do with the other. He could show a complete cause of action independently of his own violation of law. But upon the facts of this case it is different. The plaintiff and defendant were engaged in a mutual, illegal work, and the accident which happened was one of the incidents and risks of the employment. The plaintiff was participating in an illegal work which led to the injury he sustained, and the law will not aid him to recover damages for the consequences of his own illegal act.

*Plaintiff to be nonsuit.*