## MICHAEL CONNOLLY *vs.* CITY OF BOSTON.

Suffolk. Nov. 17, 1874. — Jan. 15, 1875. WELLS & DEVENS, JJ., absent.

One who works by night instead of by day, and who travels on the Lord's day for the purpose of seeing his master and inducing him to change his hours of labor from the night to the daytime, in order that he may sleep better, is not travelling from necessity or charity, and cannot maintain an action against a town for an injury sustained by him, while so travelling, by reason of a defect in a highway which the town is by law obliged to keep in repair.

TORT for personal injuries sustained by reason of a defective highway. Trial in the Superior Court, before *Bacon*, J., who allowed a bill of exceptions in substance as follows:

At the trial, the counsel for the plaintiff, in opening his case, stated that the plaintiff claimed damages for personal injuries received while passing over Dover Street, in Boston, at nine o'clock, Sunday night, October 6, 1872, on account of a defect in the highway; that the defect consisted in the draw of the bridge being swung off, remaining so for more than twenty-four hours previous to the accident, without any guard or barrier; and that the plaintiff, using due care, was walking along the highway, and for want of the required barriers, walked overboard and received severe and permanent injuries.

The plaintiff then testified as follows: "I was going from South Boston to Way Street, Sunday night, about nine o'clock, October 6, 1872. I was going to my boss to see if I could get a chance to work by day. I was working by night. I was going to work Monday night. I was seeing if I could get day work. I had been shovelling in Cambridge. I wanted to work by day instead of by night, because I could sleep better. It was on account of my sleep that I wanted to work by day."

The case was then stopped by the judge, who ruled that, inasmuch as the plaintiff was passing over the highway on Sunday night, and not for any work of necessity or charity, he could not recover; to which ruling the plaintiff alleged exceptions.

*A. A. Ranney & W. E. L. Dillaway,* for the plaintiff.

*C. F. Kittredge,* for the defendant.

GRAY, C. J. The plaintiff's own testimony showed that he was travelling on the Lord's day on a matter of his own secular

business, and not from the pressure of any "necessity" upon himself, or "charity" towards any other person, upon any possible interpretation of those words. He cannot therefore maintain this action. Gen. Sts. *c.* 84, § 2. *Bosworth* v. *Swansey*, 10 Met. 363. *Jones* v. *Andover*, 10 Allen, 18. *Stanton* v. *Metropolitan Railroad*, 14 Allen, 485. *Commonwealth* v. *Sampson*, 97 Mass. 407. *Commonwealth* v. *Josselyn*, Ib. 411. *Exceptions overruled.*