CHRISTOPHER SMITH *vs.* BOSTON AND MAINE RAILROAD.

Suffolk.   Nov. 15, 1875. — Sept. 7, 1876.   ENDICOTT & LORD, JJ., absent.

One who travels on the Lord's day to ascertain whether a house, which he has hired, and into which he intends to move the next day, has been cleaned, is not travelling from necessity or charity, and cannot maintain an action for injuries sustained at a railroad crossing, through the negligence of the servants of the railroad corporation

TORT for personal injuries sustained by the plaintiff through the negligence of the defendant's servants.

At the trial in the Superior Court, before *Putnam*, J., the plaintiff testified that he was a machinist in the employ of the defendant corporation during week days, his business being the repair of their locomotives; that he had been at work all the week previous to the accident, and on Sunday, August 23, 1873, in the afternoon, having attended church in the morning, he walked from his residence in Leverett Street, Boston, to Charlestown, to see if a person of whom he had hired a house during the previous week, and to which he was to move on the following Monday, had got the house cleaned; that he saw the person, and on his return, while passing along Austin Street, over which the railroad ran, and while standing on the Charlestown side of the gate, he was hit by one of the gates, which was struck and broken by a locomotive engine passing at the time, as the gate was being swung across the street by the servants of the corporation, and sustained the injury complained of.

The wife of the plaintiff testified that her husband and herself were boarding at that time with her mother in Boston; that her mother had told her during the previous week that she wanted their room for another person, and she had told her mother that they would leave their room on Monday; that her mother had let it to her son, who was to take it the following Tuesday; that they had engaged the room in Charlestown for Monday, and had their goods all packed up on Saturday; that her husband, the plaintiff, walked over to Charlestown on Sunday, as stated by him, and was assisted home by two men, severely injured; and that on the following Monday they moved to Charlestown, as they had proposed to do.

The defendant contended that it appeared upon this evidence that the plaintiff was travelling on the Lord's day, not "from necessity or charity," and so was not entitled to maintain this action. The judge so ruled, and ordered a verdict for the defendant. The plaintiff alleged exceptions.

*S. B. Allen*, for the plaintiff.

*C. F. Choate*, for the defendant.

COLT, J. The plaintiff walked from his home in Boston to Charlestown on the Lord's day, for the purpose of ascertaining, from the person of whom he had hired a house, whether it had been cleaned, so that he could move into it with his family the

next day; on his return, he received the injury complained of, through the alleged carelessness of the agents and servants of the defendant corporation. The question is whether, at the time of the injury, he was unlawfully travelling within the meaning of the statute which subjects to punishment by fine "whoever travels on the Lord's day, except from necessity or charity;" Gen. Sts. c. 84, § 2; because, if he was so travelling, it is contended the law will afford him no remedy for the injury. It seems to have been conceded at the trial that such unlawful act was in this case a cause directly contributing to the plaintiff's injury.

The question is settled by the previous decisions of this court. In *Bosworth* v. *Swansey*, 10 Met. 363, it was decided that a person travelling on the Lord's day could not recover for injuries received from a defect in the highway, unless he could show that he was travelling from necessity or charity, and that the burden was on him to bring himself within the excepted cases. See also *Jones* v. *Andover*, 10 Allen, 18. In *Heland* v. *Lowell*, 3 Allen, 407, it was held that a person driving across a bridge unlawfully faster than a walk could not recover for a defect in it caused by a hole in the floor, into which the horse stepped. In *Stanton* v. *Metropolitan Railroad*, 14 Allen, 485, one who was travelling on Sunday in a horse car from one city to another for the purpose of visiting a stranger, and who did not show that his visit was one of necessity or charity, was held to be travelling in violation of the law, and not entitled to redress in a court of justice, for an injury which he would not have received but for such violation. In *Bennett* v. *Brooks*, 9 Allen, 118, it was declared to be the purpose of the statute to prevent all acts of a secular nature belonging to or connected with ordinary business or common worldly affairs, although they might not fall within the line of the daily business or occupation in which a person happened to be employed. And, in the line of these decisions, it was recently held that one who travels on Sunday by walking along the highway, for the purpose of seeing his employer and inducing him to change his hours of labor, in order that he may sleep better, is not travelling from necessity or charity, so as to be able to maintain an action against the town for an injury from a defect in the highway. *Connolly* v. *Boston*, 117 Mass. 64. See also *McGrath* v. *Merwin*, 112 Mass. 467.

A majority of the court think that the case is governed by these decisions, and that they compel us to the conclusion that the plaintiff, on the facts stated, does not bring himself within the clause protecting those who travel from necessity or charity; and that the illegal act of travelling on the Lord's day might properly be treated as a cause directly contributing to the injury of which he complains.

It is not easy to define as a matter of law what state of facts will make travelling an act of necessity or charity, within the exception in the Lord's day act, or when the plaintiff's own illegal conduct can be said to be a direct, rather than a remote, cause contributing to the injury.  The first of these questions is to be determined to a great extent by considerations of moral fitness and propriety; the last by the evidence in each case bearing upon the complicated relations of cause and effect.  In most cases, both questions should be submitted to the jury, with proper instructions.  *Feital* v. *Middlesex Railroad*, 109 Mass. 398.  But in the present case, in the light of the cases cited, there is no evidence which would justify a verdict for the plain tiff.                                    *Exceptions overruled.*