JOHN LYONS *vs.* ALFRED DESOTELLE.

Hampden.    Sept. 25, 1877. — May 3, 1878.    ENDICOTT & LORD, JJ.,
                              absent.

If a man travels on the Lord's day in violation of the Gen. Sts. *c.* 84, § 2, and, while
    so travelling, fastens his horse at the side of a road, and the horse is injured by
    the negligent act of another in driving against it, the unlawful travelling neces-
    sarily contributes to the injury, and an action of tort for such injury cannot be
    maintained.

TORT for injuries to the plaintiff's horse caused by the alleged
negligence of the defendant.   Trial in the Superior Court, be-
fore *Bacon*, J., who allowed a bill of exceptions in substance as
follows:

It appeared in evidence that the plaintiff hired a horse and
carriage on Sunday, August 1, 1875, for the purpose of going
from Chicopee to Springfield, to attend a camp-meeting.   Upon
reaching the camp-ground, the plaintiff hitched his horse at the
side of the road behind the defendant's buggy, and the injury
was caused by the defendant's horse backing the buggy against
the plaintiff's horse.   The evidence was conflicting as to whether
this backing was caused by the defendant's negligence, or by
his horse being suddenly frightened by a buffalo robe hanging
from a seat of a passing wagon.

The defendant requested the judge to instruct the jury as
follows:  "1. If the jury believe that the accident happened
through the negligence of the defendant, while the plaintiff was
unlawfully travelling on the Lord's day, and that the accident
would not have happened if the plaintiff had not been so travel-
ling, he cannot recover."

" 2. If the plaintiff was travelling for pleasure on the Lord's
day, and such travelling contributed to the injury which befell
him, he cannot recover."

" 3. If the jury believe that the accident happened through
the negligence of the defendant, not resulting from the wilful
conduct of the defendant, while the plaintiff was unlawfully
travelling on the Lord's day, the plaintiff cannot recover."

The judge refused so to instruct the jury, but did instruct
them as follows:  " It makes no difference whether the plaintiff

was then in violation of the law relating to the Lord's day or not. If I am travelling on the wrong side of the road, contrary to law, and a man carelessly and negligently runs into me, I can recover, unless my carelessness contributed to the injury. If the plaintiff went up there for pleasure and received injuries by the defendant's negligence, he can recover, unless his own carelessness or negligence contributed to the injury." The judge gave general instructions on the matter of negligence, to which no exceptions were taken. The jury returned a verdict for the plaintiff, and found specially that the plaintiff did not go to the camp-meeting with a *bonâ fide* intention of attending religious services there. The defendant alleged exceptions.

*C. L. Long*, for the defendant.

*G. D. Robinson*, for the plaintiff. 1. The plaintiff was not travelling at the time of the injury to his horse. The illegal act, if any, was over, and he was as much entitled to recover, as if an assault had been committed personally upon him, after he had returned to his home.

2. If the plaintiff was in violation of law at the time, his act did not contribute to the injury in any legal sense, and he is entitled to recover. It is no answer to this position to say that the injury would not have happened if he had not been travelling. This is not what the law means by "contributing to the injury." Thus in *Welch* v. *Wesson*, 6 Gray, 505, the fact that the plaintiff was illegally trotting his horse against the defendant's horse was held not to prevent recovery for an injury caused by the defendant's wilfully running into him. So, driving on the wrong side of the street, or standing on a street, though acts in violation of law, do not prevent the plaintiff from recovering while so driving or standing. *Spofford* v. *Harlow*, 3 Allen, 176. *Steele* v. *Burkhardt*, 104 Mass. 59. *Kearns* v. *Sowden*, 104 Mass. 63, note. See also *Hall* v. *Ripley*, 119 Mass. 135. In all these cases the injury would not have happened had not the plaintiff been illegally where he was. *Smith* v. *Boston & Maine Railroad*, 120 Mass. 490, is not an authority against this position, for there, as stated by the judge delivering the opinion, it was conceded at the trial that the travelling of the plaintiff was a cause directly contributing to his injury.

3. As the plaintiff was attending a religious meeting, he is entitled to recover. *Feital* v. *Middlesex Railroad*, 109 Mass. 398, 404. It is morally fit and proper to attend a religious meeting, and the motives with which one does so cannot be inquired into.

MORTON, J. In an action of tort for injuries to the plaintiff's person or property, if his own illegal act or other negligence contributed to his injury, he cannot recover. But he is not precluded from recovering by the fact that he is at the time doing an illegal act, if such illegal act did not contribute to his injury. *McGrath* v. *Merwin*, 112 Mass. 467, and cases cited.

When a man in travelling sustains an injury from a defect in the highway or from an accidental collision with the vehicle of another traveller, his act of travelling is necessarily a contributing cause of the injury. If the act of travelling is unlawful, then his own unlawful act is a contributing cause of his injury, and prevents his recovery.

The statute prohibits any person from travelling " on the Lord's day, except from necessity or charity." Gen. Sts. *c.* 84, § 2. Whoever travels on the Lord's day, except from necessity or charity, is acting in violation of the law. Such act of travelling itself is unlawful, and if, in the course and as an incident of such travelling, the traveller sustains an injury, his unlawful act necessarily is a contributing cause of the injury. It has, therefore, been uniformly held in this Commonwealth that in such a case the plaintiff cannot maintain an action for his injury. *Smith* v. *Boston & Maine Railroad*, 120 Mass. 490, and cases cited.

In the case at bar, the defendant requested the court to instruct the jury that " if the plaintiff was travelling for pleasure on the Lord's day, and such travelling contributed to the injury which befell him, he cannot recover." The court refused this request, and instructed the jury that " it makes no difference whether the plaintiff was then in violation of the law relating to the Lord's day or not." The defendant was entitled to the instruction requested by him, and it was not covered by any of the instructions given. It is true that the court instructed the jury, that " if the plaintiff went up there for pleasure and received injuries by the defendant's negligence, he can recover, unless his

own carelessness or negligence contributed to the injury," implying that, if his own negligence contributed to the injury, he could not recover. But the whole instructions, taken in connection with the refusal to give the instruction requested, would naturally lead the jury to understand that if the unlawful act of the plaintiff in travelling on the Lord's day contributed to his injury, yet he could recover unless some other negligence on his part was a contributing cause.

A majority of the court is therefore of opinion that the instructions were erroneous.                    *Exceptions sustained.*