## CHARLES DAVIS *vs.* CITY OF SOMERVILLE.

Suffolk. March 3, 15. — June 30, 1880.

Although a person may lawfully travel on the Lord's day for the purpose of attending a funeral, and is not obliged to return by the shortest route, yet if, after the funeral is over, to enable a friend with him to make a social call, he departs from the ordinary return route, and, after such departure, is injured by a defect in a highway, he cannot maintain an action therefor against the town bound to keep the highway in repair.

TORT for personal injuries occasioned to the plaintiff while travelling upon a highway in the defendant city, which was alleged to be out of repair. Trial in the Superior Court, before

*Bacon*, J., who allowed a bill of exceptions in substance as follows:

It appeared in evidence that the plaintiff, in company with a lady friend, both living in Boston, drove from Boston to Cambridge in the afternoon of Sunday, October 28, 1877, to attend a funeral; that, upon leaving Mount Auburn cemetery, the lady asked him to take her back by way of Charlestown, so that she could call there upon her sister-in-law; and that he assented, and while so doing the accident happened. Neither the plaintiff nor the lady testified as to the purpose for which the call was to be made; nor did it appear that the plaintiff had any acquaintance with the sister-in-law.

The defendant requested the judge to instruct the jury as follows: "If the jury find that, upon leaving Mount Auburn cemetery, the plaintiff, at the request of his lady companion, undertook to drive her from Cambridge through Somerville to Charlestown, or from Cambridge to Charlestown, for the purpose of enabling her to call upon a sister-in-law residing in Charlestown, this, in the absence of any further testimony showing, or tending to show, the call to have been one of necessity or charity, would be a travelling within the prohibition of the statute relating to the Lord's day, and the plaintiff cannot recover."

The judge declined to rule as requested; explained to the jury the meaning of the words "charity" and "necessity," in the Lord's day act, to which no objection was taken; and instructed the jury as follows: "It must appear that the plaintiff was travelling lawfully at the time when the accident occurred. The plaintiff could lawfully travel for the purpose of going to or returning from a funeral on the Lord's day; and if, in fact, he was returning from a funeral, though by a different route, he was not travelling unlawfully, unless the route taken by him was so unreasonable and inconvenient as to show that his purpose was not to return, but to do something else not a work of necessity or charity. The fact that the plaintiff took a route back from Mount Auburn different from that by which he went, and that he took that route for the purpose of enabling the lady with him to make a call upon her sister-in-law, are facts to be considered by the jury, bearing upon the question whether he was travelling for any other purpose than that of going to

and returning from the funeral, or for the purpose of doing any-thing not a work of charity or necessity. But these facts are not conclusive evidence, so that the court can say to the jury that, as matter of law, they ought to return a verdict for the defendant, on the ground that the plaintiff was travelling in violation of law, but only evidence proper to be submitted to the jury as bearing on the question to be determined by them, whether the plaintiff was at the time of the alleged injury trav-elling in violation of law."

The jury returned a verdict for the plaintiff; and the defend-ant alleged exceptions.

The case was argued at the bar by *S. C. Darling*, for the defendant, and *N. B. Bryant*, for the plaintiff; and afterwards submitted on briefs to all the judges.

AMES, J. The statute making it unlawful and criminal to travel on the Lord's day, except from necessity or charity, has retained its place in our statute-book from the earliest times in the history of the state. Our Puritan ancestors intended that the day should be not merely a day of rest from labor, but also a day devoted to public and private worship and to religious meditation and repose, undisturbed by secular cares or amuse-ments. They saw fit to enforce the observance of the day by penal legislation, and the statute regulations which they devised for that purpose have continued in force, without any substan-tial modification, to the present time. Whatever inconveniences might result at the present day from the literal and general enforcement of the Lord's day act, and whatever hard cases may have arisen under it, it is still the law of the land, to be judicially interpreted and administered according to its true in-tent and meaning, and upon the same rules as would govern us in the interpretation of any other statute.

If the plaintiff in this case was travelling, on the Lord's day, without the excuse of necessity or charity, he cannot maintain an action against any town or city for any injury or damage sustained through a defect or want of repair upon a highway, for the reason that his own unlawful act concurs in causing such injury or damage. *Bosworth* v. *Swansey*, 10 Met. 363. *Jones* v. *Andover*, 10 Allen, 18. *Stanton* v. *Metropolitan Railroad*, 14 Allen, 485. We do not understand that any complaint was

made as to the definition of the terms " necessity " and " charity" as given by the presiding judge. The necessity intended by the statute is not to be limited, on the one hand, to absolute physical necessity, nor, on the other hand, is it to be so enlarged as to include mere business convenience or advantage. *Smith* v. *Boston & Maine Railroad,* 120 Mass. 490. It is not easy to give a precise and strict definition which shall determine, as a matter of law, what facts constitute the necessity or charity intended by the statute. It was correctly ruled at the trial that the plaintiff could lawfully travel on the Lord's day for the purpose of going to or returning from the funeral, and also that it was not necessary that he should return by the same, or by the shortest route, unless the route taken by him was so unreasonable and inconvenient as to show a purpose outside of the alleged necessity or charity. But if, while in attendance at the funeral, or upon leaving the cemetery, it was proposed to him by his companion to go to another place, not upon the ordinary return route, in order, for her convenience or pleasure, to visit a friend, and if he acceded to this proposal, it would be the substitution of a new and different purpose of the journey in place of that which he had in view when he began it, and a purpose entirely outside of the necessity or charity which influenced him at the outset. If he had taken her from her residence and gone with her to Charlestown to make the intended visit, on the Lord's day, without attending the funeral at all, it would have been a clear violation of the statute. It is difficult to see why it would be any the less so, if, having attended the funeral, he, instead of returning directly from it, accepts an invitation to make a different journey, for a purpose having nothing whatever to do with the funeral. This would be perfectly obvious if the change of purpose were in order to go to some remote place beyond the cemetery, thereby occupying a greatly increased time, or if the additional journey were for the transaction of business manifestly secular in its nature. He had a right to travel to attend the funeral. But the journey to Charlestown for no other purpose than to enable his companion to make a social call was not within the exception of the statute. It makes no difference that the determination to make that journey was formed after he had attended the funeral, and was about to return. By the terms of

the statute, he had no right to make that journey at all on that day and for that purpose.

The majority of the court is, therefore, of the opinion, that the presiding judge fell into the error of submitting to the jury what was really a question of law; and that he should have instructed them that, upon the undisputed facts of the case, the plaintiff had not brought himself within the exception expressed in the statute, and was not entitled to maintain the action.

*Exceptions sustained.*