WILLIE W. DAY vs. HIGHLAND STREET RAILWAY COMPANY.

Suffolk.   March 13, 1882; Jan. 29. — May 7, 1883.

A street railway car, which is run on Sunday for the purpose of accommodating the public generally and earning money from any one who may see fit to travel upon it, is run in violation of the Gen. Sts. c. 84, §§ 1, 2, although some of the passengers are lawfully travelling.

A conductor of a street railway car, who is performing the ordinary duties of his employment on Sunday, is both laboring and travelling in violation of the Gen. Sts. c. 84, §§ 1, 2; and if, while standing on the step on the side of an open car, he is injured by being struck by a car of another corporation passing on a parallel track, his illegal acts necessarily contribute to cause his injury, and preclude his maintaining an action therefor, notwithstanding the St. of 1877, c. 232.

TORT for personal injuries occasioned, on Sunday, June 20, 1880, to the plaintiff, a conductor in the employ of the Metropolitan Railroad Company, while standing on the step on the side of an open street car, and leaning into the car for the purpose of collecting fares, by being struck by a car of the defendant corporation passing on a parallel track.   At the trial in the Superior Court, before *Staples*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions.   The facts appear in the opinion.

The case was argued in March, 1882, by *G. F. Verry*, (*J. Hewins* with him,) for the defendant, and by *S. B. Allen*, (*W. B. Allen* with him,) for the plaintiff; and was afterwards submitted on briefs by the same counsel.

COLBURN, J.   The question whether the car, upon which the plaintiff was conductor, was being run in violation of the Gen. Sts. c. 84, §§ 1, 2, at the time of the accident, or whether there was evidence in the case which would warrant the jury in finding that the car was not being run in violation of the statute, lies at the foundation of the case.   For if the car was run lawfully, for the purpose of carrying passengers, the plaintiff was

violating no law in performing the usual duties of conductor of the car, and his rights and obligations were substantially, if not entirely, the same, though it was the Lord's day, as they would have been on any other day.

We are of opinion that the whole evidence in the case shows that this car was being run for substantially the same purposes, and from the same motives, that street cars are usually run on secular days, for the purpose of accommodating the public generally, and earning money from any one who might see fit to travel upon it. And we are of opinion that a car so run is run in violation of law, though some of its passengers may be lawfully travelling.

It is not within our province to determine the wisdom or expediency of the law, or how far there has been a change in public sentiment in relation to the proper manner of observing the Lord's day. These considerations are for the Legislature. We can only take the law as it is written, and apply it according to its obvious meaning and the intention of the Legislature.

We do not intend to decide that a street car may not be so run on Sunday as to come within the exception of the statute, and be employed in a work of necessity or charity. We only decide that in this case there was no evidence which would warrant a jury in finding that this car was run from considerations of necessity or charity, and that the jury should have been so instructed. We cannot hold that the mere fact that some of the passengers on the car were lawfully travelling rendered the running of the car lawful. *Commonwealth* v. *Sampson*, 97 Mass. 407. *Commonwealth* v. *Josselyn*, 97 Mass. 411.

The plaintiff was engaged in performing his ordinary duties as conductor of a street car, and in performing those duties he was doing labor or work. Though he was travelling, he was primarily laboring, and his travelling was merely an incident of the kind of work in which he was engaged. The car being run in violation of law, he was both laboring and travelling on the Lord's day in violation of law. The question then arises whether his violation of law contributed to cause his injury.

The general principles applicable to the case are well settled in this Commonwealth. The question has more frequently arisen in cases of travelling, doubtless for the reason that travelling is

the more common form in which the statutes for the observance of the Lord's day are violated, or for the reason that in travelling a person is more exposed to injury than in laboring.

It has been uniformly held in numerous decisions, from *Bosworth* v. *Swansey*, 10 Met. 363, to *Davis* v. *Somerville*, 128 Mass. 594, that a person travelling on the Lord's day, in violation of law, cannot recover in an action against a city or town for injuries sustained from a defect in a highway. This is not because the liability of a city or town for a defect in a way is imposed by statute, or because a city or town stands in any different position from an individual, or other corporation, but only because the act of travelling, which is the act prohibited, necessarily contributes to cause the injury. The act of travelling in violation of law on the Lord's day, with no evidence of any other negligence, has been held to be necessarily contributory to the injury sustained by the plaintiff. *Stanton* v. *Metropolitan Railroad*, 14 Allen, 485. *Smith* v. *Boston & Maine Railroad*, 120 Mass. 490. *Lyons* v. *Desotelle*, 124 Mass. 387. *Bucher* v. *Fitchburg Railroad*, 131 Mass. 156.

In *McGrath* v. *Merwin*, 112 Mass. 467, which was an action brought to recover for injuries sustained by the plaintiff, while engaged in clearing out a wheel-pit unlawfully on the Lord's day, from the negligence of the defendant in carelessly starting the wheel, it was held that the illegal act of the plaintiff was inseparably connected with the cause of action, and contributed to his injury, and that he could not recover.

In all cases of travelling or laboring on the Lord's day, in violation of law, all the acts of travelling or laboring being illegal, if any act of so travelling or laboring by a plaintiff contributes to his injury, it is held, under our decisions, that his illegal act must necessarily be a contributory cause of his injury, and prevent his recovery.

The plaintiff contends that, by the provisions of the St. of 1877, c. 232, his illegal travelling (the defendant being a common carrier of passengers) constitutes no defence to his action. We have not found it necessary to determine whether the words "a person so travelling," in the St. of 1877, mean a person travelling in any way, or whether they are confined to a person travelling as a passenger with a common carrier of

passengers, as in our view it was rather as a laborer than as a traveller that the plaintiff was injured.

We cannot doubt that the acts of the plaintiff in laboring necessarily contributed to his injury. The place he was occupying on the car, and the attitude he assumed at the time in collecting fares, especially exposed him to the injury he received, and contributed to it. The case of *McGrath* v. *Merwin, ubi supra,* is decisive of this case.

A majority of the court are of opinion that, under the undisputed facts in the case, the jury should have been instructed that the plaintiff's illegal acts contributed to his injury, and that he was not entitled to recover. *Smith* v. *Boston & Maine Railroad, ubi supra.*                                   *Exceptions sustained.*