COMMONWEALTH *vs.* JOSEPH F. MCCARTHY.

SAME *vs.* PRENTICE L. GARLAND.

SAME *vs.* JOHN J. LOUGHLIN.

Suffolk.   March 26, 1923. — April 12, 1923.

Present: RUGG, C.J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Lord's Day. Bread.*

The delivery of bread by a baker or his employees at a customer's place of busi-
ness on the Lord's day, even though limited to common victuallers, is not,
in the absence of an extraordinary, sudden and unexpected emergency, a work
of necessity within the meaning of G. L. c. 136, § 5, and is not permitted by
§ 6 of that statute.

THREE COMPLAINTS, received and sworn to in the Municipal
Court of the Roxbury District of the City of Boston on November
7, 1922, October 24, 1922, and November 20, 1922, respectively,
charging that the respective defendants on October 29, October
15, and November 12, 1922, each being the Lord's day, per-
formed "certain unnecessary labor and work, to wit, did deliver
certain bread, the delivering of said bread on said Lord's day
not being then 'and there works of necessity or charity."

On appeal to the Superior Court, the complaints, by agreement
of parties, were tried before *Qua,* J., upon statements of agreed
facts described in the opinion. Upon the facts so stated the de-
fendants moved that verdicts of not guilty be ordered in their
favor. The motions were denied.

Each defendant requested the judge to rule: "That upon all
the facts the transportation and delivery of bread and rolls by
the defendants were works of necessity within the meaning
of G. L. c. 136, § 5."

The defendants Garland and Loughlin also requested the judge
to rule: "That upon all the facts the transportation and delivery
of bread and rolls by the defendants was lawful under the pro-
visions of G. L. c. 136, § 6."

The judge refused to rule as requested and instructed the
jury that "upon the facts stated the deliveries of bread and rolls

were not works of necessity within the meaning of the statute relating to the observance of the Lord's day; and that the facts stated did not bring the case within any exception relating thereto; that the deliveries were not authorized by law and that if they believed the facts stated, the law had been violated and it was their duty to return verdicts of guilty." The jury returned a verdict of guilty on each complaint, and the judge reported each case to this court for determination.

The cases were submitted on briefs.

*W. M. Noble,* for the defendants.

*M. Caro,* Assistant District Attorney, for the Commonwealth.

CARROLL, J.  In the first case the defendant was convicted of violating G. L. c. 136, § 5, which provides that "Whoever on the Lord's day keeps open his shop, . . . or does any manner of labor, business or work, except works of necessity and charity, shall be punished." He was employed by the General Baking Company, a corporation engaged in the business of manufacturing and selling bread and similar food products. It was the practice of this corporation to make sales or delivery of its products on Sunday only to licensed victuallers who had the right to serve food on that day; and for the purpose of making such deliveries it maintained what were called special delivery trips, the deliveries being limited to the quantity of goods required each Sunday by such victuallers. On Sunday, November 5, 1922, between the hours of 11 and 12 o'clock in the forenoon, the defendant, acting as a salesman driver, was engaged in making one of the special trips and delivered fifteen loaves of bread to one of his customers, a common victualler. The bread delivered was the usual quantity the customer required on Sunday. "Upon learning the quantity required the salesman driver segregated that quantity from the general mass contained in his vehicle and delivered it to the customer at his place of business." The defendant asked the trial judge to rule that the transportation and delivery of bread were works of necessity within the meaning of G. L. c. 136, § 5. This request was refused, and after a verdict of guilty, the case was reported.

The second and third cases were tried together. They were prosecutions for the violation of G. L. c. 136, §§ 5, 6. These defendants were employees of the Ward Baking Company. As

in the first case, this corporation was engaged in the manufacture and sale of bread and similar food products and the delivery of bread on Sunday was limited to licensed victuallers. On Sunday, October 15, 1922, in the course of one of the special delivery trips between the hours of 9 and 10 o'clock in the forenoon, Garland delivered bread to two of his regular customers who were licensed victuallers; and on Sunday, November 12, 1922, Loughlin, while so employed, delivered rolls and bread to customers duly licensed as victuallers. By § 6 of c. 136 of the G. L. the making and selling by bakers or their employees on the Lord's day before 10 o'clock in the morning and between the hours of 4 and 6:30 in the afternoon, of bread or other food usually dealt in by them, are not prohibited. In the Superior Court the defendant asked the judge to rule that the transportation and delivery of the rolls and bread were works of necessity, and that their transportation and delivery by the defendants were lawful under G. L. c. 136, § 6. These requests were refused, and upon the return of a verdict of guilty in each case, the cases were reported to this court.

The delivery of bread outside the premises of the baker on the Lord's day is not a work of necessity within the meaning of the Lord's day statute. The statute prohibiting the performance of labor, business or work, except works of necessity and charity, on Sunday, was enacted to secure respect and reverence for the Lord's day. "That the day should be not merely a day of rest from labor, but also a day devoted to public and private worship and to religious meditation and repose, undisturbed by secular cares or amusements. . . . Whatever inconvenience might result at the present day from the literal and general enforcement of the Lord's day act, and whatever hard cases may have arisen under it, it is still the law of the land, to be judicially interpreted and administered according to its true intent and meaning, and upon the same rules as would govern us in the interpretation of any other statute." *Davis* v. *Somerville*, 128 Mass. 594, 596.

In *Jones* v. *Andover*, 10 Allen, 18, the plaintiff was injured by a defective highway while carrying fresh meat from North Reading to Lawrence on Sunday. It was held that the act of the plaintiff in travelling on the Lord's day was not within the

exception of the statute as being justified by necessity or charity, and this court, speaking through Chief Justice Bigelow, said: "He [the plaintiff] was, at the time of the accident, in the pursuit of a secular business, carried on for purposes of profit and gain, and the temporary inconvenience which might have been caused by his failure to supply provisions on Monday to those persons who usually dealt with his principal falls far short of proving any such exigency as would warrant a jury in finding that the plaintiff was lawfully on the highway at the time when the accident happened."

The fact that there is a public demand for fresh bread, that common victuallers in Boston ordinarily do not have facilities for properly storing bread in quantities greater than needed for each particular day, together with the other facts agreed upon, are insufficient to establish an "extraordinary, sudden and unexpected emergency." The delivery of bread by the defendant at the customer's place of business on the Lord's day, even though limited to common victuallers, was not within the exception in the statute, G. L. c. 136, § 5, and was not justified as a work of necessity. *Commonwealth* v. *White*, 190 Mass. 578, 582. *Commonwealth* v. *Sampson*, 97 Mass. 407. *Commonwealth* v. *Josselyn*, 97 Mass. 411. *McGrath* v. *Merwin*, 112 Mass. 467.

Under § 6 of c. 136 of the G. L., the manufacture, sale and distribution of certain products is permitted on the Lord's day. The delivery of newspapers, the wholesale and retail delivery of milk and the delivery of ice cream are also allowed on Sunday; and bakers may on that day manufacture and sell bread before 10 o'clock in the morning and between the hours of 4 o'clock and 6:30 in the afternoon. The defendants Garland and Loughlin contend that under this provision of the statute permitting the making and sale of bread, they can deliver it to common victuallers at their place of business within the designated hours of the statute. Having in mind the purpose of the Lord's day statute, in our opinion the Legislature did not intend to give to bakers and their employees the right to transport and deliver bread away from the premises of the baker to any of their customers on Sunday. They could sell it, as they could sell other food products usually dealt in by them, during certain prescribed hours; but they were not authorized to deliver these goods beyond

the employer's premises during any part of the Lord's day. It might well be thought that this delivery of bread and food products on the Lord's day would be contrary to the proper observance of that day and would tend to make it a day of work and labor rather than a day of rest. From time to time amendments have been enacted permitting the conduct of certain business on the Lord's day; and while some specified articles may be delivered on that day, bread is not one of them. The statute must be so construed as to permit the sale of bread during certain hours, but not its delivery outside the premises of the baker at any time, on the Lord's day. *Commonwealth* v. *Crowley,* 145 Mass. 430, relied on by the defendants Loughlin and Garland, is not in conflict with what is here decided.

In each case, the exceptions are overruled and judgment is to be entered on the verdict.

*So ordered.*