WILLIAM H. HALL *vs.* SEYMOUR M. SMITH.

Hampden.    September 22, 1932, March 6, 1933. — May 25, 1933.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

*Lord's Day.  Actionable Tort.  Practice, Civil,* Ordering verdict, Exceptions.

It *was stated* that, where a bill of exceptions, saved by the defendant at the trial of an action of tort for personal injuries to a denial by the trial judge of his motion, offered at the completion of the opening statement by the plaintiff's counsel to the jury, that a verdict be ordered in the defendant's favor, to the denial of a similar motion offered at the close of all the evidence, and to an instruction to the jury that liability could be made out by proof of ordinary as distinguished from gross negligence, contained no statement that it set out the substance of all the material evidence, the exceptions justifiably might be overruled by this court for that reason; in the circumstances, however, the exceptions were overruled on other grounds.

If a defendant, who, at the close of the opening statement of the plaintiff's counsel to the jury, offers a motion that a verdict then be ordered in his favor, does not then rest, an exception to a denial of the motion must be overruled.

The provisions of G. L. (Ter. Ed.) c. 136, § 20, that the other provisions of that chapter respecting observance of the Lord's day "shall not constitute a defence to an action for a tort or injury suffered by a person on the Lord's day," are effectual to preclude such a defence to an action of tort for personal injuries sustained by the plaintiff through negligence of the defendant while the plaintiff was being driven in an automobile by the defendant to obtain a tool which the plaintiff needed to use in performing a task which the defendant on that day had hired him to perform.

TORT.    Writ dated April 30, 1928.

In the Superior Court, the action was tried before *W. A. Burns,* J.  Material evidence and exceptions saved by the defendant are described in the opinion.  There was a verdict for the plaintiff in the sum of $2,500.  The defendant alleged exceptions.

*R. T. King,* for the defendant.

*E. S. Searle,* for the plaintiff.

WAIT, J.  The plaintiff was injured in consequence of what, it is admitted, could be found to be negligent operation by the defendant of an automobile in which both were

riding. The accident happened on Sunday, May 1, 1927. The plaintiff was riding in the automobile while travelling to obtain a tool which he needed to use in performing a task which the defendant had on that day hired him to perform. They were on their way to the place of performance. The task could be found to be neither an act of charity nor of necessity. No allegation of gross negligence was made in the declaration.

The case is before us, after verdict for the plaintiff, on the defendant's exceptions. He contends that the trial judge was in error in denying a motion for a directed verdict for the defendant filed at the completion of the plaintiff's opening; in denying a similar motion at the end of the testimony; and in charging the jury that liability could be made out by proof of ordinary as distinguished from gross negligence.

The bill of exceptions does not state that it sets out the substance of all the material evidence. This, of itself, is enough to justify overruling these exceptions, but as the result is unchanged and as the bill might readily be amended, we go on to consider the questions. *Commonwealth* v. *McNary*, 246 Mass. 46, 48.

Unless the excepting party then rests, he has no good exception to the denial of a motion for directed verdict at the close of the opening. *Meeney* v. *Doyle*, 276 Mass. 218, 221, and cases cited. The defendant did not rest.

All the exceptions are based upon the contention that since, as appeared from the plaintiff's opening and evidence, he was engaged in a violation of the statutes with reference to the observance of the Lord's day (G. L. [Ter. Ed.] c. 136), he could not recover in this action.

Whatever force such a contention might once have had under our early statutes and decisions (see as illustrations *Bosworth* v. *Swansey*, 10 Met. 363; *McGrath* v. *Merwin*, 112 Mass. 467; *Davis* v. *Somerville*, 128 Mass. 594; *Day* v. *Highland Street Railway*, 135 Mass. 113; *Read* v. *Boston & Albany Railroad*, 140 Mass. 199) has been taken away by G. L. (Ter. Ed.) c. 136, § 20. *Jordan* v. *New York, New Haven & Hartford Railroad*, 165 Mass. 346. That section

enacts that: "The provisions of this chapter [Observance of the Lord's Day] shall not constitute a defence to an action for a tort or injury suffered by a person on the Lord's day." It is a continuation of St. 1884, c. 37, through R. L. c. 98, § 17. In speaking of it in *Bourne* v. *Whitman*, 209 Mass. 155, at page 168, Knowlton, C.J., said: "The Sunday law, so called, has been repealed as to its effect as a bar to recovery in actions of tort showing a violation of it by the plaintiff. R. L. c. 98, § 17." This interpretation is borne out by the terms of the amending acts. After decisions that one who was travelling on Sunday for something other than charity or necessity could not recover although injured by the negligence of railways or railroads which carried them or through faults of others which had no real connection of cause and effect with the violation of the Lord's day act, in 1877, by c. 232 of the acts of that year the Legislature amended the law so that the provision prohibiting travel on the Lord's day (Gen. Sts. c. 84, § 2) should not "constitute a defence to an action against a common carrier of passengers for any tort or injury suffered by a person so travelling." By St. 1884, c. 37, this was broadened so that the nonobservance was no longer confined merely to travel, but was extended to all the prohibitions of Pub. Sts. c. 98 with reference to observance of the Lord's day, and others than common carriers of passengers could be held liable. The act read: "The provisions of chapter ninety-eight of the Public Statutes relating to the observance of the Lord's day shall not constitute a defence to an action for a tort or injury suffered by a person on that day." That language, in substance, has been carried into the General Laws. Thus when the cause of action is tort no plaintiff is precluded from recovery merely by violation of the Sunday law.

The defendant contends that if the plaintiff was riding as a guest, the duty owed to him by the defendant was different from that owed to one who was conferring a benefit in the performance of something in which the defendant had an interest (*Jackson* v. *Queen*, 257 Mass. 515, *Labatte* v. *Lavallee*, 258 Mass. 527); and that the plaintiff in order

to prove himself entitled to merely ordinary care must establish a contractual relationship. This he contends that the plaintiff cannot do, because such relation, if it existed, must rest upon a contract invalid by reason of the Sunday law. *Slayton* v. *Barry*, 175 Mass. 513.

The statute now in force bars the Sunday law as a defence equally where the defence goes merely to the degree of liability as to the measure of damage, and where it is a defence to all liability. Its words are all inclusive. Even were this not so, we think the contention is not controlling. The liability rests upon laws of tort rather than of contract. The difference in the extent of the duty is based upon a status. If the injured party is a guest then there is due him only a duty to avoid gross negligence. However created, the status controls. The validity or invalidity of a contract between plaintiff and defendant which led to the presence of the former in the latter's automobile is not, commonly, the essential element which fixes the scope of the duty. That element is one of status. If, in fact, he was there as an innocent invitee conferring a benefit in the performance of something in which the defendant had an interest, then the duty owed him inheres in the status and is not merely contractual.

In this case there was no denial that the plaintiff was riding at the request and for the benefit of the defendant. *Lyttle* v. *Monto*, 248 Mass. 340. Compare *Dow* v. *Lipsitz*, *ante*, 132.

*Exceptions overruled.*