## JOHN B. FLAGG *vs.* THE INHABITANTS OF MILLBURY.

By a work of "necessity," as mentioned in the exception to the prohibition of labor, business, or work, on the Lord's day, in the Rev. Sts. *c.* 50, § 1, is not meant a physical and absolute necessity; but any labor, business or work, which is morally fit and proper to be done on that day, under the circumstances of the particular case, is a work of necessity within the statute.

Where a defect in a highway, for an injury occasioned by which to person or prop erty the town would be liable, is found to exist on the Lord's day, it is the duty of such town to cause the defect to be repaired immediately, or to adopt measures to guard against the danger, until such repair can be made; and work, labor, or business, for this purpose, is a work of necessity within the statute respecting the observance of the Lord's day.

In computing the time of twenty-four hours, during which a defect in a highway must have existed, in order to render the town liable for an injury occasioned thereby, within the Rev. Sts. *c.* 25, § 22, the time of Lord's day is to be included.

THIS was an action on the case to recover damages for an injury sustained by the plaintiff on the 22d of May, 1848, by reason of an alleged defect in a highway in the town of Millbury.

At the trial, which was before *Shaw*, C. J., it appeared that the injury to the plaintiff occurred on Monday the 22d of May, 1848, at about nine o'clock in the forenoon. The defendants contended that they were not liable, unless the defect had existed for twenty-four hours previously to the time of the injury, exclusive of Sunday; and they introduced evidence tending to show that it had not so existed. The plaintiff contended that Sunday was not to be excluded in the computation of the twenty-four hours, and introduced evidence tending to show that the defect had existed for twenty-four hours previous to the accident.

The judge declined to instruct the jury, as suggested by the defendants, but instructed them, that the plaintiff would not be entitled to recover, unless the defect had existed for twenty-four hours, at the time the accident occurred, and that in the computation of this time Sunday was not to be excluded. The jury found for the plaintiff, and the defend-ants excepted.

WILDE, J. At the trial, it became material to ascertain

how long the defect, if any, had existed before the injury to the plaintiff occurred ; it being necessary to be proved, to en-title the plaintiff to recover, that it had so existed for the space of twenty-four hours. Rev. Sts. *c.* 25, § 22. Upon this point the defendants' counsel requested the court to instruct the jury, that in the computation of time Sunday was to be excluded; but the court held otherwise, and so instructed the jury ; and we are of opinion that this instruction was right.

The argument for the exclusion of Sunday is founded on the erroneous assumption, that to repair a defect in a high-way, however necessary it may be to secure the public safety, would be a violation of the statute to enforce the observance of the Lord's day. Rev. Sts. *c.* 50, § 1. But it is quite clear, that the statute is not to be so construed; on the contrary, works of necessity and charity are expressly excepted from the prohibition of labor, business and work in the first sec-tion ; and, certainly, any work and labor necessary to be done to secure the public safety must come within the true mean-ing of the exception in the statute.

By the word "necessity" in the exception we are not to understand a physical and absolute necessity ; but a moral fitness or propriety of the work and labor done, under the circumstances of any particular case, may well be deemed necessity within the statute ; and so it was decided, in the construction of a similar exception, in the prohibition against travelling on the Lord's day, in the statute of 1791, *c.* 58, § 2. *Commonwealth* v. *Knox,* 6 Mass. 76; *Pearce* v. *Atwood,* 13 Mass. 354. Now, when a defect in the highway is discovered on the Lord's day, which may endanger the limbs and the lives of travellers, it is not only morally fit and proper that it should be immediately repaired, but it is the imperative duty of the town, which is bound to keep the highway in repair, to cause it so to be done, or to adopt means to guard against the danger, until it can be done, and work and labor for this purpose is no violation of the law, or of religious duty.

*Exceptions overruled.*

*A. G. Randall,* (with whom was *P. C. Bacon*) for the de-fendants.

*C. Allen,* for the plaintiff.