State vs. Stone.

---

### STATE vs. STONE.

1. An indictment for Sabbath breaking, charging that the labor was not "a work of daily necessity," is insufficient.   The exception in the statute is "or other works of necessity," leaving out the word "daily."   The statute must be followed.   A work of necessity contemplated by the statute, may not always be a work of "daily" necessity.

HENDRICK, for plaintiff in error.

The indictment is bad, because it does not negative that the labor done on Sunday was the household office of daily necessity or other work of necessity or charity.   The indictment negatives that it was a work of daily necessity, household office of daily necessity and of charity.   But that is not sufficient, it should negative also that it was a work of necessity, without the qualifying word "daily."   It is very clear from the statute Rev. Code page 404, sec. 31, other work of necessity besides those negatived by the indictment is allowed to be done on Sundays.   It may all be true as alleged in the indictment that the work was not a work of daily necessity nor the household office of daily necessity nor of charity and yet it may have been a work of necessity contemplated in the act.   And it is not denied in the indictment that it was a work of necessity.   Consequently all that is charged may be admitted and yet no offence committed.

For these reasons the judgment of the circuit court ought to be reversed.

GARDENHIRE, Attorney General, for the State.

The indictment is substantially good under the statute.   It sufficiently negatived the exceptions contained in the clause creating the offence.   Hauling brandy and shock corn could

not possibly come within either exception of the statute. To charge it, is equivalent to the negation in the phrase "or other works of necessity."

BrLand, J., delivered the opinion of the court.

Benjamin Stone, the plaintiff in error was indicted by the grand jury of Greene county, at the December term of the circuit court in the year 1850, for Sabbath breaking.

He appeared to the indictment at the June term 1851, and moved the court to quash the indictment. The court overruled his motion. He thereupon plead guilty and was fined two dollars by the court. He afterwards moved in arrest of judgment; assigning in support thereof the insufficiency of the indictment. This motion was likewise overruled; the defendant below excepted to the opinion of the court in overruling the motion in arrest, and brings the case here by writ of error.

The sufficiency of the indictment requires our consideration. The labor charged to have been done, was the "hauling some brandy and shock corn." The pleader charges, that the defendant "did then and there unlawfully perform work and labor on said day, by then and there hauling some brandy and shock corn, which said labor was not then and there performed as a work of daily necessity, or as a household office of daily necessity, or work of charity, contrary &c." The words of the statute are "every person who shall either labor himself, or compel his apprentice, servant or slave, or any other person under his charge or control, to labor or perform any work, other than the household offices of daily necessity, or other works of necessity, or charity, on the first day of the week commonly called Sunday, shall be deemed guilty of a misdemeanor &c.

The indictment has the word "daily" before necessity, making it a "work of daily necessity," whereas the statute merely uses the words "or other works of necessity" leaving out the word daily.

Although much disposed to overlook slight and mere formal objections of this character; yet I am satisfied, that this indictment is substantially defective.

The circuit attorney has with too much carelessness, endeavored to bring the defendant within the above statute. Why not use the words of the statute, when the whole offence is merely the creature of the statute? Why resort to any other and different exceptions or different discriptive words of the prohibited act? Why, when the legislature uses the words "works of necessity," shall the circuit attorney undertake to alter them, by putting the word "daily" as a qualification to the necessity? If he can do this he may add the "hourly" or "weekly,"

The indictment is defective, substantially bad; and the court below ought to have arrested the judgment on the defendant's motion. Its judgment is reversed, the other judgs concurring.