*Court of Quarter Sessions, Dauphin County, December 14th, 1853.*

THE COMMONWEALTH *v.* WILLIAMS.

It is illegal for a barber to shave persons on Sunday: the fact that they were sick on Saturday and the barber shaved them the next day, as a matter of accommodation, without compensation, makes no difference.

BY THE COURT.—The defendant was convicted before a justice of the peace for laboring in his business as a barber on Sunday, and fined four dollars under the act of Assembly.

The act declares, " that if any person shall do or perform any worldly employment or business whatsoever on the Lord's day, commonly called Sunday, works of necessity and charity only excepted, etc., they shall forfeit and pay four dollars," etc. The first question presented on the record is, whether the employment of a barber in shaving a man comes within the prohibition of the act? and, secondly, whether the labor performed in this particular case was a work of necessity and charity? I cannot, after the most careful consideration, bring my mind to believe that a barber is any more authorized or permitted by law to keep his shop open and pursue his daily avocation on Sunday than is a blacksmith or cabinet-maker. It is true that the trade is less noisy, and not so likely to disturb the community as the others; but it is no less noisy than that of a tailor or a watchmaker. It is more immediately connected with personal comfort and cleanliness than most other avocations; but not more so than that of the laundress. It will scarcely be contended that any of those trades can be pursued on Sunday except in special cases justified by the exemption in favor of works of necessity and charity. The blacksmith might justify shoeing the horse of a government messenger travelling express, and possibly a stage-horse drawing the United States mail, where the animal could no longer safely pursue the journey. He might possibly justify shoeing the horse of a physician travelling in haste to visit the sick; and other cases of equal necessity might be put. So the cabinet-maker might labor on Sunday at making a coffin, where it was necessary for the interment of the dead on that day, or the sexton of a church or other laborer might justify his occupation in digging a grave; but the law no more authorizes one kind of labor to be pursued than it does another, and the exemption from necessity must be made out in each particular case as it arrives.

It is said that the evidence makes out a case of necessity in this instance; that the persons shaved were sick the night before and unable to remain at the shop; that they were shaved in the morning as a mere matter of accommodation without charge, and the shop was not opened. If it had been made to appear that the men were sick for want of shaving, or that being sick, they or their

[The Commonwealth *v.* Adley.]

physician considered that it would add to their health, or was essential to their comfort to be shaved that day, it would present a case of necessity justified by law; but no such proof was made. The work being done gratuitously makes it no less within the inhibition of the act; if it did, a man's neighbors might justify laboring on Sunday to assist him in raising a house or a barn, as a matter of friendly accommodation; and the shop being open, or otherwise, cannot make the act more legal.   Men are as much prohibited from carrying on their daily avocations secretly as openly on that day.

It has doubtless been customary, in many parts of the State, for barbers to pursue their business on Sunday for the accommodation of their customers, as well as for their own emolument; and if it is found to be essential to the convenience of society that it should be pursued, the people can call on the legislature to change the law; but so long as it remains in force, the judiciary must give it a fair construction and enforce its provisions.

We do not consider that it is any more illegal for a man to shave than to wash himself on Sunday; but the prohibition is aimed at men pursuing their ordinary labor on that day.   It is the worldly employment or business of a barber to shave, and we consider, for the reasons given, that he is prohibited from pursuing it on Sunday except in case of necessity.   The judgment of the justice is therefore affirmed.