## STATE vs. GOFF.

The defendant was poor—had no implement of his own with which to cut his wheat, which was wasting from over-ripeness—could borrow none until Saturday evening—swapped work with his neighbors during the week—hired a negro and cut his own wheat on Sunday:—He was not justified in breaking the Sabbath.

*Appeal from Crawford Circuit Court.*

Hon. FELIX I. BATSON, Circuit Judge.

HOLLOWELL, Attorney General, for the State.

Mr. Justice COMPTON delivered the opinion of the Court.

Joshua Goff was indicted in the Crawford Circuit Court, for

laboring on the Sabbath, etc. The trial resulted in his acquittal, and the State appealed.

The facts as set out in the bill of exceptions, are briefly these: Goff was engaged in cutting and binding wheat—a negro man cutting and Goff binding after him—on Sunday; for a week previous to the cutting, Goff was *swapping* work in harvest, with his neighbors, who were afterwards to help him; Goff was a poor man and had no cradle of his own, and waited to get one from his neighbor; when his neighbor quit cutting on Saturday evening, Goff got the cradle and hired the negro to cut for him the Sunday following; the weather was rather unsettled; rained the next day; Goff's wheat was very ripe and wasting, and from its appearance then, had been ripe enough to cut four or five days before that time. This was all the evidence adduced on the trial.

The Court, on motion of the Attorney for the State, charged the jury—

1. That if they believed from the evidence, that Goff was laboring in and about, tying up wheat on Sunday, etc., within one year next before the finding of the indictment, and that said labor was other services than customary household duties, of daily necessity, comfort or charity, they should find him guilty.

2. That the mere fact of Goff being a poor man, and having no cradle of his own, would not justify him in having his wheat cut, and tying it up on Sunday.

On motion of Goff, and against the objection of the Attorney for the State, the Court further charged the jury:

1. That Goff had a right to preserve his property from waste on the Sabbath day, and if his property was going to waste, and likely to be lost by any unforeseen or unavoidable circumstance, he was justifiable in laboring to preserve it.

2. That if the jury believe Goff could not have saved his wheat on any other day, and it was necessary, either to do so on Sunday, or suffer it to be lost, they must acquit.

The statute provides that every person who shall be found

laboring on the Sabbath day, or shall compell his apprentice, servant or slave to labor or perform other services than customary household duties of daily necessity, comfort or charity, shall be deemed guilty of a misdemeanor, etc. *Gould's Dig. p. 373, sec. 1.*

From an examination of the testimony, it is manifest that there was no evidence whatever conducing to prove such a necessity for laboring on the Sabbath, as is contemplated by the Statute; nor of such necessity as is contemplated by the instructions given the jury at the instance of Goff. It was not shown that he even tried to procure a cradle, and from poverty or any other cause, did not succeed—he was laboring for others when he should have been at work for himself, and " *waited* " until *Saturday night* to get a cradle.

The husbandman should look forward to the ripening of his grain as an event which must happen, and should make such timely provision for the harvest as not to violate the Sabbath. This is a duty enjoined alike upon the poor and the rich.

The instructions given by the court for Goff, if correct, were abstract, and under the circumstances were well calculated to mislead the jury.

The judgment must be reversed, and the cause remanded with instructions to grant the State a new trial.