Morris *v.* The State.

CRIMINAL LAW.—*Sunday.—Work of Necessity.*—On the trial of an information for a violation of the Sabbath, under the act of 1855 (2 G. & H. 481), the evidence showed that the defendant was engaged on a certain Sunday in gathering and boiling sugar-water on his premises; that it was a good day for the flowing of the water; that his troughs were full and running over; that he had no way to save the water but by gathering and boiling it.
*Held,* that this was a work of necessity within the statute.
SAME.—*Practice.—Motion in Arrest.*—A variance between the affidavit and the information cannot be taken advantage of by motion in arrest.

APPEAL from the Rush Common Pleas.

GREGORY, J.—Information against the appellant for a violation of the Sabbath, under the act of February 28th, 1855, 2 G. & H. 481, sec. 1.

The affidavit charged the offense on the 31st of March, 1867; the information charged it on the 31st of March, 1868. Plea, not guilty; trial by the court; finding, guilty; motion for a new trial overruled; motion in arrest overruled; and judgment.

The evidence, being in the record, shows that on Sunday the 31st day of March, 1867, the defendant was engaged in gathering and boiling sugar-water on his premises; that it was a good day for the flowing of the water; that his troughs were full and running over; that he had no way to save the water but by gathering and boiling it. Was it a work of necessity?

As to what was meant by a work of "necessity" under a very similar statute came in review in *Flagg* v. *The Inhabitants of Millbury*, 4 Cush. 243. WILDE, J., speaking for the court, says, "By the word "necessity" in the exception we are not to understand a physical and absolute necessity; but a moral fitness or propriety of the work and labor done, under the circumstances of any particular case, may be deemed necessity within the statute; and so it was decided, in the construction of a similar exception, in the prohibition against traveling on the Lord's day, in the statute of 1791, c. 58, § 2. *Commonwealth* v. *Knox*, 6 Mass. 76; *Pearce* v. *Atwood*, 13 Mass. 354." In the *Commonwealth* v. *Knox*, *supra*, PARSONS, C. J., says, "By necessity, there, cannot be understood physical necessity; for a case in which any man is physically obliged to travel can hardly be imagined. But a moral fitness or propriety of traveling, under the circumstances of any particular case, may be deemed necessity within this section; and *a fortiori*, when the traveling is necessary to execute a lawful contract, it cannot be considered as unnecessary travelling, against the prohibition of the statute."

In *McGatrick* v. *Wason*, 4 Ohio St. 566, THURMAN, C. J., in delivering the opinion of the court, says, "Nor will it do to limit the word "necessity" to' those cases of danger to life, health, or property, which are beyond human foresight or control. On the contrary, the necessity may grow out of, or indeed be incident to a particular trade or calling, and yet be a case of necessity within the meaning of the act. For it is no part of the design of the act to destroy, or impose onerous restrictions upon, any lawful trade or business;

and hence, under a similar statute, it has been held in a sister state, that it is lawful to keep a blast furnace at work on Sunday, because it is a work of necessity. So too it has been held, that under special circumstances, a mill may grind on that day; and I think it will hardly be questioned, that a gas company may supply gas; a water company, water; and a dairyman, milk; to their respective customers, on that day."

This question has received the attention of the courts in Pennsylvania, New York, Alabama, Missouri, and New Hampshire, with like results. *Logan* v. *Mathews*, 6 Penn. St. 417; *Hooper* v. *Edwards*, 18 Ala. 280; 25 Ala. 528; *The State* v. *Stone*, 15 Mo. 513; *Clough* v. *Shepherd*, 11 Fost. (N.H.) 490; *Parmalee* v. *Wilks*, 22 Barb. 539.

Sugar making from the maple is but for short periods, depending on the season and the weather. It is too short and precarious to justify a very large outlay in preparing vessels. The water is usually boiled down as it is gathered from the troughs in which it is caught.

We think the labor performed by the appellant in gathering and boiling the sugar-water, under the circumstances, was a necessity under the statute.

A variance between the affidavit and information cannot be taken advantage of by motion in arrest.

Judgment reversed, and cause remanded, with directions to grant a new trial, and for further proceedings.

*L. & W. O. Sexton*, for appellant.

*H. M. Spalding* and *D. E. Williamson*, Attorney General, for the State.