## TURNER v. THE STATE.

CRIMINAL LAW.—*Desecration of Sabbath.*—*Harvesting Crops.*—The harvesting on Sunday, of "dead ripe" wheat, which could not be cut sooner and which might be spoiled by rain if left until a later day, is not a desecration of the Sabbath.

From the Henry Circuit Court.

*D. W. Chambers, J. M. Brown* and *W. O. Barnard,* for appellant.

*T. W. Woollen,* Attorney General, for the State.

WORDEN, J.—The appellant was indicted in the court below, for desecrating the Sabbath, by the performance of common labor on that day, viz., "cutting, binding and shocking wheat." On trial he was convicted, and judgment was rendered against him, over a motion for a new trial.

It appeared by the evidence, that the defendant had over thirty acres of wheat to harvest, but he had no reaper. He, however, and others, joined with a person who had a reaper, and they commenced cutting their wheat, beginning with the ripest. The defendant's wheat was in part, but not all, cut before the Sabbath in question. It might all have been cut before that day but for a rain that came on a day during the preceding week.

The defendant's wheat was "dead ripe," and a rain upon it would have seriously injured it. Under these circumstances, it was cut upon the Sabbath.

This, we think, was clearly a work of necessity, for which the defendant should not be held liable as for a breach of the criminal law. *Edgerton* v. *The State, ante,* p. 588.

The judgment is reversed, and the cause is remanded for a new trial.