Yonoski *et al. v.* The State.

No. 9972.

YONOSKI ET AL. *v.* THE STATE.

CRIMINAL LAW.—*Sunday Law.*— *Work of Necessity.*—*Repairs of Railroad.*— Where it is shown that there is a real necessity for the repairs of a railroad track, and that the necessary work in making such repairs could be done only on Sunday without the delay of trains, such work is a work of necessity within the meaning of the act of February 28th, 1855,. for the protection of the Sabbath (2 R. S. 1876, p. 483; section 2000, R. S. 1881), and the conviction of the employes of a railroad company for such work, so done on Sunday, is contrary to law, and can not be sustained.

From the Pulaski Circuit Court.

*N. O. Ross* and *G. E. Ross*, for appellants.

*D. P. Baldwin*, Attorney General, *J. B. Peterson* and *W. W. Thornton*, for the State.

HOWK, J.—This prosecution was commenced upon affidavit, before a justice of the peace of Pulaski county, on the 21st day of September, 1881. The affidavit charged in substance, that on the 18th day of September, 1881, at said county, the appellants, Frank Yonoski, Abraham Timmins, T. B. Fowler and Pat Purcell, and one Dague Winn, who were all at that time over fourteen years of age, said day being the first day of the week commonly called Sunday, were found unlawfully at common labor and engaged at their usual

vocations, to wit: Then and there working on the track of the Pittsburgh, Cincinnati and St. Louis railroad, such common labor and usual vocation not being then and there work of charity or necessity, and the said appellants and Dague Winn not being then and there persons who conscientiously observed the seventh day of the week as the Sabbath, nor travellers, a family removing, keepers of a toll-gate or toll-bridge, or ferryman acting as such, contrary to the form of the statute, etc.

On the trial of the cause before the justice, the appellants were each found guilty, as charged in the affidavit, and judgment was rendered against each of them for a separate fine and costs; and from this judgment they appealed to the circuit court. There, the State moved the court for leave to file a substituted affidavit, which motion was granted, and, over the objection and exception of the appellants, the State was permitted to file such substituted affidavit. On arraignment thereon and a plea of not guilty, the issues joined were tried by a jury, and a verdict was returned, finding the appellants guilty as charged, and assessing their punishment at a fine in the sum of eight dollars. The appellants' motion for a new trial, and the separate motion of each of them in arrest of judgment, were severally overruled by the court, and to each of these rulings they and each of them excepted. Judgment was then rendered against all the appellants jointly for the fine assessed and the costs of the prosecution.

The appellants have here assigned, as errors, the following decisions of the circuit court:

1. In overruling their motion to dismiss the cause, for the want of a sufficient affidavit;

2. In permitting the State to file a substituted affidavit;

3. In overruling the motion for a new trial; and,

4. In overruling the motion in arrest of judgment.

The important and controlling questions in this case arise under the alleged error of the court in overruling the motion for a new trial. The appellants' counsel concede that the evidence in the record makes out a case against each of the

appellants for a violation of the law for the protection of the Sabbath, unless the evidence shows that the labor they were engaged in was a work of necessity, within the meaning of that expression, as used in the statute. The appellants were the servants and employes of the Pittsburgh, Cincinnati and St. Louis Railway Company, and the affidavit charged that they were working on the track of said company's railroad. If the work, in which they were engaged, was a work of necessity to the railway company, within the meaning of the statute, then it is clear, we think, it was also a work of necessity on the part of the appellants, as the servants of such company.

There is no conflict in the evidence in regard to the necessity for the work, or to the necessity for doing such work, on the first day of the week commonly called Sunday. The only question in the case is this: Was the work, in which the appellants were engaged, such a work of necessity as fairly comes within the purview and meaning of that expression, as the same is used in the statute for the protection of the Sabbath?

The evidence on the point under consideration consisted of the testimony of those persons who were in charge of the construction, repair and maintenance of the company's line of railway. This evidence is too long to be set out in full, in this opinion; but it showed very clearly, we think, that the work, in which the appellants were engaged, and for which they were prosecuted in this case, was a work of necessity, and that there was a real necessity for the doing of this work on Sunday; that the work in question was the taking up an old switch and putting in a new one, and could not be accomplished in less time than eight hours; that this work could not have been done on any day of the week, except Sunday, without delaying four of the company's trains, and that Sunday was the only day of the week on which the work could be done without delaying such trains; and that the track of the railroad was then in very bad condition, and the railway company was engaged in taking up the old iron rails, and replacing

them with steel rails, but the change of switches could not be made except on Sunday without the delaying of trains.

We are of the opinion, that the uncontradicted facts of this case clearly show that the work, in which the appellants were engaged and for which they are prosecuted, was a work of necessity, within the meaning of the statute for the protection of the Sabbath. In *Morris* v. *The State*, 31 Ind. 189, this court cited the case of *Flagg* v. *The Inhabitants of Millbury*, 4 Cush. 243, and quoted therefrom, with approval, the following language: "By the word 'necessity' in the exception we are not to understand a physical and absolute necessity; but a moral fitness or propriety of the work and labor done, under the circumstances of any particular case, may be deemed necessity within the statute." This view of the meaning of the word "necessity," as used in the Sunday law, has been approved in a number of the later decisions of this court. *Crocket* v. *The State*, 33 Ind. 416; *Wilkinson* v. *The State*, 59 Ind. 416; *Edgerton* v. *The State*, 67 Ind. 588; *Turner* v. *The State*, 67 Ind. 595.

Doubtless, there was no physical or absolute necessity in the case at bar, requiring the railway company to cause the work, in which the appellants were engaged, to be done on Sunday. But the necessity for doing the work on that day, rather than on some other day of the week, grew out of and was incident to the particular business in which the railway company was engaged; for delays in the running of its trains, and in the transaction of its business, might and probably would injuriously affect not only the company, but also the general public. Therefore, it seems to us, the undisputed facts of this case clearly show, that the work in which the appellants were engaged was a work of necessity, within the meaning of that expression, as used in the statute for the protection of the Sabbath. It follows, that the verdict of the jury was not sustained by sufficient evidence, and was contrary to law; and, for these causes, the appellants' motion for a new trial ought to have been sustained.

Some other questions are discussed by counsel, but the conclusion we have reached renders it unnecessary for us to consider or decide them.

The judgment is reversed, and the cause is remanded with instructions to sustain the motion for a new trial, and for further proceedings in accordance with this opinion.