Opinion delivered June 16, 1888.

## Nos. 5746 and 5747.

### JOHN NELSON v. THE STATE and GEORGE ASHBRANDT v. THE STATE.

SUNDAY LAW.—See the statement of the case for circumstances under which it is *held* that the shoeing of stage horses on Sunday is such labor of necessity as comes within the exceptions of the statute defining the offense of laboring on Sunday.

APPEAL from the County Court of Llano.    Tried below before the Hon. E. C. Bonham, County Judge.

The opinion discloses the nature of the cases.    The penalties imposed were fines of ten dollars in each case.

The proof shows that the appellants, employed in the same blacksmith shop, shod two certain horses on Sunday, which said horses belonged to and were used by a stage company in the transportation of the United States mails.    It further shows that the said horses arrived in Llano late on Saturday night lame in the front feet, and in such condition that they could not, unless shod, leave on their return trip to Burnet on schedule time provided by the post office department, which was three o'clock on Monday morning; that the company had no other horses available for service, and that there was no other time than Sunday in which the said horses could be shod before Monday morning.

No brief for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

Hurt, Judge. Appellants were convicted for laboring on Sunday. (Penal Code, art. 183.) The labor consisted in shoeing stage horses. Was this a work of necessity under the facts of these cases? If so, there was no offense. (Penal Code, art. 184.) We think so. (See Hennersdorf v. The State, ante, 597; Flagg v. Inhabitants of Millbury, 4 Cush., 76; Pearce v. Atwood, 13 Mass., 354; McGatrick v. Wason, 4 Ohio State, 566; Crockett v. The State, 33 Ind., 416; Morris v. The State, 31 Ind., 189.)

The judgment is reversed and the cause remanded.

*Reversed and remanded.*