No. 14,688.

UNGERICHT v. THE STATE.

CRIMINAL LAW.—*Desecration of the Sabbath.*—*Work of Necessity.*—*Barber.*—*Shaving Customer on Sunday.*—Whether the shaving of a customer, by a barber, on Sunday is a work of necessity, within the meaning of the exception contained in the statute prohibiting the desecration of the Sabbath, is a question of fact for the determination of the jury, under proper instructions from the court.

From the Marion Criminal Court.

*J. L. Griffiths* and *A. F. Potts*, for appellant.

*L. T. Michener*, Attorney General, and *J. H. Gillett*, for the State.

COFFEY, J.—This was a prosecution by the State against the appellant, instituted before the mayor of the city of Indianapolis, for desecration of the Sabbath.

The affidavit charges that John Ungericht, late of said city and county, on the 18th day of March, 1888, at the city and county aforesaid, was then and there found unlawfully at common labor, and engaged in his usual occupation and avocation, to wit, that of a barber, and being then and there engaged in shaving one Jacob C. Yuncker, at and for the price of fifteen cents, such common labor, work and avocation not being then and there a work of charity or necessity, and the said John Ungericht being then and there a person over fourteen years of age, and not a person who conscientiously observed the seventh day of the week as the Sabbath, nor a traveller, nor a family removing, nor the keeper of a toll-bridge or toll-gate, nor a ferryman acting as such, and the said 18th day of March, A. D. 1888, being the first day of the week, commonly called Sunday.

The appellant was convicted before the mayor, and upon appeal to the criminal court he was again tried and convicted,

and now appeals to this court, and assigns as error that the criminal court erred in overruling his motion for a new trial.

Section 2000, R. S. 1881, is as follows: " Whoever, being over fourteen years of age, is found on the first day of the week, commonly called Sunday, rioting, hunting, fishing, quarreling, at common labor, or engaged in his usual avocation (works of charity and necessity only excepted), shall be fined in any sum not more than ten nor less than one dollar; but nothing herein contained shall be construed to affect such as conscientiously observe the seventh day of the week as the Sabbath, travellers, families removing, keepers of toll-bridges and toll-gates, and ferrymen, acting as such."

It is earnestly contended by the appellant that the matter of shaving is a work of necessity, and that, therefore, it falls within one of the statutory exceptions, and that he is not liable to criminal prosecution for performing such work of necessity on Sunday.

Many legal definitions of the word " necessity " are to be found in the authorities, but the following from the Chicago Legal News (vol. 12, p. 44) seems to give the result of all the authorities upon the subject: " The law contemplates that the community has a general need that all should rest on Sunday ; most of the affairs and doings of week-day are less important than this need of a rest-day; but some few are superior. To keep the body physically sustained by food ; to provide the facilities for worship during some hours of the day, and for restful mental occupation during others; to nurse and heal the sick ; to provide prompt burial of the dead—these and some other objects are superior to the need of general repose. Necessary work includes all that is indispensable to be done on Sunday in order to secure attainment of whatever is more important to the community than its day of rest."

It is perfectly clear, however, that the word " necessity," as used in the statute, is incapable of an accurate and comprehensive definition. Any attempt by the courts to frame

a definition of general application would be more likely to produce confusion than certainty. The question in each case must be decided according to the circumstances, and is, therefore, more a question of fact than of law. *Mueller* v. *State,* 76 Ind. 310. In this case it is said : " What does necessity, as used in this law, mean ? It may be said, as has been said before, that it does not mean an absolute or physical necessity, but a moral fitness or propriety of the work or labor done, under the circumstances of any particular case. *Morris* v. *State,* 31 Ind. 189. Generally speaking, it ought to be an unforeseen necessity, or if foreseen, such as could not reasonably have been provided against."

It was held more than fifty years ago that the matter of shaving customers was not a work of necessity, and, therefore a violation of the law prohibiting the desecration of the Sabbath. *Phillips* v. *Innes,* 4 Cl. & Fin. 234; Bishop Stat. Crimes, section 245.

In the case of *State* v. *Frederick,* 45 Ark. 347, the court says : " The indictment needed not to allege that it was not a work of necessity or charity. The court will take judicial notice that the shaving of his customers by a barber is a worldly labor, or work done by him in the course of his ordinary calling, and not within the exceptions of the statute."

In the cases of *Commonwealth* v. *Jacobus,* 1 Pa. Leg. Gaz. 491 (15 Cent. Law Jour. 145), and *Commonwealth* v. *Williams,* 1 Pears. 61 (15 Cent. Law Jour. 145), it was held that a barber who shaves persons on Sunday in a public shop is guilty of Sabbath-breaking.

In the case of *Commonwealth* v. *Jacobus, supra,* the court says : " But is it a work of necessity ? Many persons shave themselves on that day, who are shaved by a barber on other days of the week, and not one in ten who shave on that day employ the services of a barber." In this case, Jacobus shut up his " tonsorial parlor " at ten o'clock on Sunday morning; but the court thought that made no difference, and added : " If the closing of these shops on Sundays is an in-

convenience to the public, the remedy rests with the Legislature, and not with the court."

But it is held by this court that it must be left to the jury, as a question of fact, to determine, under proper instructions from the court, what particular labor, under the circumstances, would constitute a work of necessity. *Edgerton* v. *State*, 67 Ind. 588.

In this case the question was submitted to a jury, under proper instructions from the court, as to whether the shaving of Yuncker, under the circumstances, constituted a work of necessity. The jury found against the appellant upon that question. We can not say that their verdict is not supported by the evidence. The court, therefore, did not err in overruling the motion for a new trial.

Judgment affirmed.

Filed June 19, 1889.