Dugan v. The State.

Filed Sept. 20, 1890.

---

No. 15,496.

## DUGAN v. THE STATE.

CRIMINAL LAW.—*Desecration of Sabbath.*—*Steam-boat Pilot.*—*Carrying Pleasure Parties.*—*Ohio River.*—*Local Commerce.*—*Jurisdiction.*— The appellant, who was indicted and found guilty of violating the Sunday law, was a steam-boat pilot on a boat plying between Jeffersonville and Fern Grove, on the Ohio river, in Clark county, Indiana. The steam-boat, of which he was pilot, plied between these points on the Sunday designated in the indictment. On the Sunday designated in the indictment the steam-boat on which the appellant was engaged was chartered to transport persons to picnics at Arctic Springs and Fern Grove, from Louisville, Kentucky, and Jeffersonville, Indiana. The appellant was hired and paid by the Louisville and Jeffersonville Ferry Company, a corporation organized under the laws of Kentucky. the owners of the boat.

*Held*, that as the points at which the steamboat received passengers, and at which it discharged them, were on the Indiana shore, it was not engaged in interstate commerce, and that the commerce being local the State had over it complete and exclusive jurisdiction.

*Held*, also, that there was jurisdiction to try and punish the offence charged against the appellant.

SAME.— *Work of Necessity or Charity.*— *What Does Not Constitute.*—*Statute.*— The carrying of persons to and from pleasure parties, the work in which

such appellant was engaged, was not a work of necessity or charity within the meaning of the exception contained in the Sunday law. Section 2,000, R. S. 1881.

From the Clark Circuit Court.

*J. K. Marsh* and *A. Dowling,* for appellant.

*L. T. Michener,* Attorney General, *G. H. Voight,* Prosecuting Attorney, and *J. H. Gillett,* for the State.

ELLIOTT, J.—The appellant was adjudged guilty of a violation of the Sunday law by pursuing his usual vocation as a steam-boat pilot, and from the judgment against him he prosecutes this appeal.

It is admitted that the appellant's usual vocation was that of a steam-boat pilot; that one who pursues such a vocation is engaged in common labor; that the appellant was employed as such pilot on a steam-boat plying between Jeffersonville and Fern Grove, on the Ohio river; that both of those places are in Clark county, Indiana; that the steamboat, of which he was the pilot, plied between the points named on the Sunday designated in the indictment; that he was then more than fourteen years of age; that the steamboat on which the appellant was engaged was chartered by persons, not the owners nor common carriers, at a stipulated price, to transport persons desiring to attend picnics at Arctic Springs and Fern Grove, from Louisville, Kentucky, and Jeffersonville, Indiana; that the appellant, as well as all the other persons employed on the boat, was hired and paid by the Louisville and Jeffersonville Ferry Company, the owner of the boat. It is further admitted that the ferry company was a corporation organized under the laws of Kentucky; that its principal office was in that State; that on the Sunday designated in the indictment, the steam-boat piloted by the appellant started from the city of Louisville, Kentucky, landed at the city of Jeffersonville, in this State, thence proceeded up the Ohio river to Arctic Springs and Fern Grove,

in Indiana, and then returned to Louisville, Kentucky, where the voyage ended. It is still further admitted that the boat was not plying as a ferry-boat between Louisville and Jeffersonville on the Sunday named in the indictment.

The case is before us upon these admitted facts, and we are required to declare the law upon those facts.

Virginia gave Indiana jurisdiction over the Ohio river, and what Virginia gave Indiana accepted. *Carlisle* v. *State,* 32 Ind. 55 ; *Sherlock* v. *Alling,* 44 Ind. 184. So far as it was in the power of the State having original dominion to cede jurisdiction it did confer it upon Indiana, and the authority conferred by Virginia has been exercised by Indiana. Other States have exercised for many years similar jurisdiction under grants from Virginia. *McFall* v. *Commonwealth,* 2 Metc. (Ky.) 394. The older authorities are all to the effect that one State may punish crimes committed upon a navigable stream, and near the line of the State. *Carlisle* v. *State, supra; People* v. *Tibbetts,* 19 N. Y. 523 ; *Parker* v. *Cutler, etc., Co.,* 20 Me. 353 ; *Stoughton* v. *State,* 5 Wis. 291 ; *Withers* v. *Buckley,* 20 How. 84.

In comparatively recent decisions of the Supreme Court of the United States it is held that the States have jurisdiction, of no narrow extent, over navigable streams along their respective borders. *Willamette, etc., Co.* v. *Hatch,* 125 U. S. 1. See authorities in note 1, Elliott Roads and Streets, 27. Whether the recent decisions upon the subject of Federal authority in matters of interstate commerce change the rule declared by the earlier decisions is a question it is not necessary to discuss, for no question of interstate commerce arises in this case. A steam-boat engaged in carrying persons to pleasure parties from point to point within the State is not engaged in commerce between the States. As the points at which the steam-boat, of which the appellant was the pilot, received passengers, and at which it discharged them, are on the Indiana shore, there was no interstate commerce, and the case falls within the decisions of the Supreme Court

of the United States, which declare that over its local commerce a State has complete and exclusive jurisdiction. *Sands* v. *Manistee, etc., Co.,* 123 U. S. 288. We hold that there was jurisdiction to try and punish offences of the class to which that charged against the appellant belongs.

The steamboat on which the appellant was employed as a pilot was engaged in carrying passengers to and from pleasure parties. This is an admitted fact, for the word "picnic" implies, in its usual and broad signification, a mere pleasure party. It is quite clear that such is its signification in this instance. We are not, therefore, in the remotest degree concerned with any question relative to the lawfulness of carrying persons to religious exercises, on charitable missions, or on excursions to secure pure air and rest, conducted by persons out of health or overworked, or by persons engaged in any work of necessity, nor are we, indeed, concerned with any question relative to the carrying of persons to attend business requiring prompt attention. We do not seek any general rule, for the case before us requires of us a decision upon the single question whether it is lawful to carry persons to and from pleasure parties on Sunday. It is not, indeed, within the power of the courts to lay down any general rule for the government of all cases, since, to a very great extent, each case of this kind must depend upon its own particular facts. A case takes its color and texture from the facts of the particular instance and not from generalities. *Edgerton* v. *State*, 67 Ind. 588.

Our statute declares that any person over fourteen years of age "found * * at common labor, or engaged in his usual avocation (works of necessity and charity only excepted)," on Sunday, "shall be fined in any sum not more than ten nor less than one dollar." Section 2000, R. S. 1881. We are far within the doctrine asserted by the decided cases when we affirm that carrying persons for pleasure solely is not a work of necessity or charity. It has been held by some of the courts that the exception contained in the stat-

ute can not be enlarged to include mere matters of business. *Davis* v. *Somerville*, 128 Mass. 594 (35 Am. R. 399) ; *Smith* v. *Boston, etc., Railroad*, 120 Mass. 490.   Other cases somewhat modify this doctrine and assert that ordinary business, where there is no urgency, is not within the exception, but that the business in a particular instance may be of such a peculiar character, or of such an urgent nature, as to be within the exception.   *Ungericht* v. *State*, 119 Ind. 379 ; *Western Union Tel. Co.* v. *Yopst*, 118 Ind. 248 ; *Western Union Tel. Co.* v. *Wilson*, 108 Ind. 308 ; *Yonoski* v. *State*, 79 Ind. 393 ; *Rogers* v. *Western Union Tel. Co.*, 78 Ind. 169 ; *Turner* v. *State*, 67 Ind. 595 ; *Wilkinson* v. *State*, 59 Ind. 416 ; *Crocket* v. *State*, 33 Ind. 416 ; *Morris* v. *State*, 31 Ind. 189 ; *McGatrick* v. *Wason*, 4 Ohio St. 566 ; *Hennersdorf* v. *State*, 25 Texas App. 597 ; *Dixon* v. *State*, 76 Ala. 89 ; *Murrdy* v. *Commonwealth*, 24 Pa. St. 270 ; *Troewert* v. *Decker*, 51 Wis. 46 ; *State* v. *Goff*, 20 Ark. 289.   But the appellant can get no assistance from the cases which thus relax and liberalize the rule by enlarging the exception, for carrying persons for their own pleasure is not business at all, much less is it business of an urgent nature demanding prompt action. The most liberal courts do not extend the rule to all matters of business, but restrict it to business of a nature reasonably requiring prompt action, and the line of reasoning adopted by those courts very clearly shows that such cases as this can not be brought within the statutory exception. It is held in well reasoned cases that the exception can not be so extended as to include mere matters of convenience. *Mueller* v. *State*, 76 Ind. 310 ; *Bucher* v. *Fitchburg R. R. Co.*, 131 Mass. 156 ; *Commonwealth* v. *Johnston*, 22 Pa. St. 102 ; *Allen* v. *Duffie*, 43 Mich. 1 (38 Am. R. 159).   It is very clear to us that under the law as declared by the authorities to which we have referred, the exception can not be so enlarged as to include persons who, in pursuing their usual vocation, carry pleasure seekers to and from picnics.   Nor

do we doubt that this conclusion is the only one defensible on principle.

