STATE OF MINNESOTA v. ALEXANDER GEORGE.[1]

60 503
71 349

April 24, 1895.

No. 9452.

**Criminal Law—Jurisdiction over Mississippi River.**

The offense of larceny from the person was committed above an island on a wagon bridge, which crosses the Mississippi river between Wisconsin and Minnesota. The island is on the Wisconsin side of the main channel of the river, is separated from the Wisconsin shore by nonnavigable water, is subject to overflow, is submerged about four months in the year, is crossed by said bridge, which rises above high-water mark, is a permanent structure, and is supported by piles driven into the soil of the island. *Held*, the state of Minnesota and its courts have jurisdiction over said offense.

**Preliminary Examination—Testimony of Deceased Witness.**

The testimony of a witness for the state given on a preliminary examination of the defendant, who was present and had a reasonable opportunity to cross-examine the witness, is competent against the defendant on his subsequent trial for the same charge, the witness having died after the preliminary examination, and before the trial.

**Same—Stenographer's Notes.**

A stenographer, who was present and took down said testimony at such examination, on being called to testify as to the same, may use his stenographic notes to refresh his memory.

**Same—Right to Cross-Examine.**

The objections of the defendant to such evidence on the trial, on the ground that parts of his cross-examination were ruled out on such preliminary examination, and that, therefore, he did not have a reasonable opportunity to cross-examine the witness, cannot be considered in this court, there being nothing in the return to show what, if any, parts of the cross-examination were ruled out, or the character of the same.

Certified from the district court for Winona county, Gould, J., upon the motion of defendant. Questions answered in the affirmative.

At the trial defendant offered a plea in abatement to the jurisdiction of the court, which the court refused to receive. Upon the refusal of defendant to plead otherwise, the court directed a plea of "Not guilty" to be entered in his behalf. At the close of the evidence in behalf of the state defendant moved that the case be dis-

[1] Reported in 63 N. W. 100.

missed and that he be discharged from custody, on the ground that it appeared the offense, if committed, was committed in the state of Wisconsin, and not within the jurisdiction of the court, and that the court had no jurisdiction to try and determine the same. The motion was denied. At the close of all the evidence the same motion was renewed upon the same grounds. Defendant requested the court to instruct the jury to acquit him, and this instruction was refused. The case was submitted to the jury, which returned a verdict of guilty.

*H. W. Childs*, Attorney General, and *George B. Edgerton*, for the State.

*Henry M. Lamberton*, for defendant.

CANTY, J.[2]  The defendant was indicted for the crime of larceny from the person, and was tried and convicted. The trial judge certified certain questions to this court.

1. It is certified that the offense was committed on a bridge which, at Winona, in this state, spans the Mississippi river from the Minnesota side to the Wisconsin side of that river, and was so committed on the part of said bridge which is built upon an island in the river. This island is on the Wisconsin side of the main channel of the river, and the waters between the island and the Wisconsin bank of the river are not used for navigation. Said bridge crosses said island, and is supported on piles driven into the soil of the island. The bridge is a permanent structure, used as a driveway for teams and vehicles, and the floor of the same is above high-water mark. "Said island is subject to overflow and when said river is at a stage of ordinary high water and for a period of about four months in each year is submerged to the depth of from two to four feet by the waters of said river." The question certified on these facts is, "Had the district court jurisdiction to try, hear, and determine this matter?"

It is contended by counsel for defendant that the courts of Minnesota have no jurisdiction over this offense. It is urged that the offense was not committed on the waters of the river, but on a permanent structure built on an island, and which is a part of the

2 Buck, J., absent, took no part.

island, and above high-water mark; that the state of Wisconsin has exclusive jurisdiction of this permanent structure,—citing Mississippi & M. R. Co. v. Ward, 2 Black, 485; Gilbert v. Moline Mfg. Co., 19 Iowa, 319; Iowa v. Illinois, 147 U. S. 1, 13 Sup. Ct. 239. In our opinion, those cases are not in point here. Rights in real property were directly affected in those cases. They were in the nature of real actions, and, as to the place of bringing the action, are governed by the same rules. The enabling act under which Wisconsin was admitted into the Union provides:

"Sec. 3. And be it further enacted, that the said state of Wisconsin shall have concurrent jurisdiction on the Mississippi and all other rivers and waters bordering on the said state of Wisconsin, so far as the same shall form a common boundary to said state and any other state or states now or hereafter to be formed or bounded by the same." 9 Stat. at Large, c. 89, § 3.

Section 2 of the enabling act under which Minnesota was admitted into the Union is an exact copy of the above section, except that the word "Minnesota" is substituted for the word "Wisconsin." 11 Stat. at Large, c. 60, § 2. This section is incorporated in the constitution of Minnesota, art. 2, § 2. It is provided by Laws 1889, c. 70 (G. S. 1894, §§ 4835, 4836), that this concurrent jurisdiction shall be exercised by the courts sitting in the counties bordering on the river, and for this purpose the part of the river bordering on each county is attached to that county. Some of the purposes of this concurrent jurisdiction are to enforce proper police regulations on the river, and to regulate and protect interstate traffic on and across the river, and the persons engaged in the same. If public travel across the river at this point was carried on by means of a ferryboat, there is no question but that this concurrent jurisdiction would attach during the transit across the river. The fact that the appliance by means of which the travel is carried on is a bridge instead of a ferryboat does not change the rule. The question here involved is not whether the courts of Minnesota have jurisdiction over this permanent structure on this island considered as real estate, but whether Minnesota and her courts have jurisdiction over the persons and moving or movable vehicles and things on this bridge. In our opinion, it is not material whether, at the time of the occurrence, such persons happen to be over the water of the

river, or over an island in the river, or at one side of the main channel or the other. One of the reasons for establishing this concurrent jurisdiction was to prevent the escape of criminals on account of the uncertainty that so frequently arises as to whether the act was committed on one side of the middle of the main channel or the other side of it. This uncertainty exists just as well when the act is committed on a bridge as when committed on a water craft. A traveler on such a bridge is usually not likely to know whether he is over an island or over the water, or on one side of the main channel or the other. In our opinion, the court below had jurisdiction.

2. The judge further certified that on the trial of said defendant it appeared that he had a preliminary examination upon said charge in the municipal court of Winona, at which a witness was examined on behalf of the state, and cross-examined by defendant's attorneys; that, at the request of the judge of that court, a competent stenographer was present, and took down all the evidence in shorthand, but he was not sworn, pursuant to G. S. 1894, § 1372; that after said examination, and before said trial, said witness died; that said stenographer was called and sworn as a witness on behalf of the state, and he, having refreshed his memory by his stenographic notes, gave evidence as to what said deceased witness had so testified on said examination; that defendant's attorney duly objected to this testimony on the ground that it was incompetent and inadmissible, "and upon the further ground that several questions asked said Rogers" (the deceased witness) "upon his said cross-examination had been erroneously excluded by the court on objections made thereto by the county attorney," but the district court on said trial overruled defendant's said objections, and admitted said testimony, to which defendant excepted. The question certified is, was the evidence of the stenographer admissible? We are of the opinion that it was. It must be presumed that the defendant was present at such examination, was confronted with the witness, and had a reasonable opportunity to cross-examine him. Under these circumstances, the evidence was admissible on the subsequent trial, the witness having died in the meantime. Where a witness against the defendant on the trial of a criminal case dies before a subsequent trial, his testimony on the former trial may be given in evidence on the subsequent trial. People v. Murphy, 45 Cal. 137. The same rule should

be applied when the evidence was given on the preliminary examination of the defendant, and the witness dies before the trial.

3. The stenographer, when testifying, could use his notes to refresh his memory. Rounds v. State, 57 Wis. 45, 14 N. W. 865; Lipscomb v. Lyon, 19 Neb. 511, 27 N. W. 731.

4. None of the evidence given upon the trial in the court below is returned here. Neither does the judge certify what questions, if any, were so excluded on said cross-examination of said deceased witness. It does not appear that defendant did not have a proper opportunity to cross-examine the witness, or that the second ground of his objection above quoted was well founded. This disposes of all the questions in this case.

The two questions certified are answered in the affirmative, and the cause remanded to the court below for further proceedings.