STATE OF MISSOURI, Respondent, v. SEAGRAVES, Appellant.

St. Louis Court of Appeals, March 7, 1905.

1. JURISDICTION: Crime on Boundary River. Under the act of Congress admitting the State of Missouri into the Union, and article I, section 1 of the Constitution of Missouri, a county in Missouri bordering upon the Mississippi river has jurisdiction over a prosecution for the sale of liquor in violation of section 2243, Revised Statutes of 1899 where the sale took place on a river steamboat adjacent to the county, though it was not shown to have been on the Missouri side of the center of the channel.

2. INTERSTATE COMMERCE: Pleasure Boat. The carrying of a pleasure party on a steamboat, though the boat may touch the shores of different States, is not interstate commerce.

Appeal from Cape Girardeau Circuit Court.—*Hon. Henry C. Riley,* Judge.

AFFIRMED.

*Robert L. Wilson* and *Angelo Dempsey* for appellant.

(1)   The acts of the defendant constituted no defense either at common law or under the statutes.   R. S. 1899, secs. 2240-2246; Roberts v. Barnes, 127 Mo. 115, 30 S. W. 113.   (2) The burden of proof rests upon the State to prove the commission of a crime within the county limits.   Janes v. State, 113 Georgia 272.   (3) The evidence showed that the acts were committed outside of the county limits and within the territorial limits of the State of Illinois.   (4) The boat at the time the acts were committed was engaged in interstate commerce and under Federal control.   Such control was exclusive and the nonaction of the federal government in not providing regulations for the sale of liquors or to proscribe their sale on Sunday is a declaration to the effect that such sales are lawful.   Ex parte Edgerton, 59 Fed. Rep. 115; Ex parte Jervey, 66 Fed. Rep. 957; Jervey v. Carolina, 66 Fed. Rep. 1013.

*Thomas D. Hines* for respondent.

(1) The Act of Congress of April 18, 1818, for the admission of Illinois into the Union, defined its western boundary as "the middle of the Mississippi river," provided that the State should have concurrent jurisdiction thereon with any State or States to be formed west thereof so far as the river formed a common boundary. 3 U. S. Stat. at Large, 428, 546.   This boundary was accepted by Missouri together with the proviso, as appears by the fundamental law.   Const. 1820, art. 10, sec. 2; Const. 1865, art. 11, sec. 2; Const. 1875, art. 1, sec. 1; Swearington v. Steamboat, 13 Mo. 519.   (2) The Supreme Court of Iowa held that the laws of Iowa apply to a criminal offense committed on the Mississippi, east of the main channel, on a boat moored to the Illinois

shore. State v. Mullen, 35 Iowa 199; Cooley v. Golden, 52 Mo. App. 235.

BLAND, P. J.—The grand jury of Cape Girardeau county, Missouri, presented an indictment against defendant containing two counts: The first charged a violation of the dramshop act; the second charged defendant with having sold fermented and distilled liquors, in the county of Cape Girardeau, in the State of Missouri, on the first day of the week, commonly called Sunday, in violation of section 2243, Revised Statutes 1899. On the trial defendant was acquitted on the first count but was found guilty on the second by the court sitting as a jury.

The evidence shows that defendant fitted up an improvised but rude bar on the steamboat Warsaw, and on a Sunday when an excursion trip was made by the steamer on the Mississippi river, starting from the city of Cape Girardeau and running up and down the river opposite the county of Cape Girardeau, from behind his bar sold beer to the excursionists. No sales were made while the boat was at or near the Cape Girardeau shore, and it is not certain that any were made west of the middle of the channel of the river. The steamer Warsaw was a ferry boat plying between the city of Cape Girardeau on the Missouri side and East Cape Girardeau on the Illinois side of the Mississippi river. It was not engaged in the ferry business, however, on the Sunday it was carrying the pleasure party, all of whom were taken aboard on the Missouri side of the river and disembarked on the same side.

The court declared the law to be that, if the defendant sold beer on Sunday, as charged in the indictment, at a place on the Mississippi river opposite to and where the river runs along and adjacent to the county of Cape Girardeau, in the State of Missouri, the defendant should be found guilty, and refused to declare that it devolved on the State to show that a sale was made on

the Missouri side and west of the center of the channel of the river.

Defendant's contention is that the jurisdiction of the Cape Girardeau Circuit Court does not extend beyond the low water mark of the river opposite the county of Cape Girardeau or, at the utmost, could not be extended beyond the middle of the main channel of the river. Section 2243, upon which the second count of the indictment is bottomed, makes it a misdemeanor, punishable by fine not exceeding fifty dollars, for any person to sell or retail any fermented or distilled liquor on the first day of the week, commonly called Sunday. The jurisdiction of the Cape Girardeau Circuit Court over the offense charged and proved is settled by the case of Sanders v. Steamboat Co., 97 Mo. 28, 10 S. W. 595, where, after reviewing the Act of Congress admitting the State into the Union and giving the State concurrent jurisdiction with other States, so far as the Mississippi river formed the common boundary, and declaring the river to be common to both, and the acceptance of the boundary thus defined by article 10, section 2, Constitution of Missouri, adopted in 1820 (article 1, section 1, Constitution 1875), it was held that the courts of Missouri have jurisdiction over any action by a resident in Missouri against a Missouri corporation for the death of a minor child caused by the negligence of defendant, when the accident happened on the Mississippi river and near the Illinois shore between the two States. Jurisdiction over crimes committed against the laws of the State cannot be confined to narrower boundaries than jurisdiction over civil actions, and in State v. Mullen, 35 Iowa 199, to which State Congress has given the same jurisdiction over the Mississippi river as that given to Missouri, the court held that the laws of Iowa apply to a criminal offense committed on the Mississippi river, east of the main channel, on a boat moored to the Illinois shore.

State v. Seagraves.

In State v. Faudre, 63 L. R. A. 1. c. 881, the court said: "'By conferring concurrent jurisdiction, Congress intended to declare . . . that transactions occurring anywhere on that river between the two States might lawfully be dealt with by the courts of either according to its laws. Where a court of one State assumes jurisdiction in a particular case it would be exclusive until relinquished.' Sanders v. Steamboat Co., 97 Mo. 26, 3 L. R. A. 390, 10 S. W. 595. See State v George, 60 Minn. 505, 63 N. W. 100; Opsahl v. Judd, 30 Minn. 129, 14 N. W. 575; Packet Co. v. Pikey, 142 Ind. 304, 40 N. E. 527; Welsh v. State, 126 Ind. 71, 9 L. R. A. 664, 25 N. E. 883; Meyler v. Wedding, 107 Ky. 685, 60 S. W. 20. Rorer on Interstate Law, 337, lays down correct law: 'The existence of concurrent jurisdiction in two States over a river that is a common boundary between them . . . vests in each of such States, and in the courts thereof, except as to things permanent and except as to maritime and commercial matters cognizable by the national government and courts, jurisdiction, both civil and criminal, from shore to shore, of all matters of rightful State cognizance occurring upon such river in all parts thereof where it forms such common boundary.' Observe that it says that this concurrent jurisdiction applies to 'all matters of rightful state cognizance occurring upon such river in all parts thereof.'"

We think the learned circuit judge correctly declared the law of the case in respect to its jurisdiction over the offense charged. It is suggested that the steamboat Warsaw was engaged in interstate commerce. The carrying of a pleasure party on a steamboat, though the boat may touch the shores of different States, it is not interstate commerce; it is not commerce at all. Dugan v. State, 125 Ind. 130.

The judgment is affirmed.

All concur.