HAMILTON v. AUSTIN & a.

Repairing a mill on Sunday to avoid the loss of a week day is not a work of necessity, within Gen. Laws, c. 273, s. 3.*

Assumpsit for repairing the defendants' mill on Sunday.   Facts found by the court.   The defendants are manufacturers of doors, sash, and blinds, employing from fifty to sixty men.   The plaintiff's Sunday labor was not work of necessity unless made so by the fact that it saved a week-day's operation of the mill for the defendants, and a week-day's employment for their operatives. The court ordered judgment for the defendants, and the plaintiff excepted.

*W. Little*, for the plaintiff.

*Osgood & Prescott*, for the defendants.

* Chapter 93, Laws 1883, allows repairs on Sunday "in mills and factories, which could not be made on a week-day without throwing many operatives out of employment."

Doe, C. J.   The understanding in this state has been that the saving of a week-day for employer and employed in the operation of a mill does not make repairs a work of necessity within the meaning of the Sunday law, and is not evidence from which the fact of necessity can be found.   *Williams* v. *Hastings*, 59 N. H. 373; *McGrath* v. *Merwin*, 112 Mass. 467.   This understanding has been strengthened by the decisions on another clause of the statute.   *Thompson* v. *Williams*, 58 N. H 248.   There are many classes of cases in which the community need a means of knowing what business is lawful on Sunday.   And this condition can easily be retained by further legislation specifically declaring what cases shall be exempted from the prohibition when changes are deemed expedient.   But a judicial reversal of the construction that has been adopted on this general subject would introduce all the evils resulting from the question of necessity being dealt with as a contestable question of fact in every case.   Under these circumstances the established construction is followed without an investigation of its soundness.

*Exceptions overruled.*

Stanley, J., did not sit: Allen, Smith, & Clark, JJ., concurred.: Blodgett and Carpenter, JJ., were of opinion that the question whether the plaintiff's labor was a work of necessity is a question of fact, and that no reason of convenience or expedience requires it to be treated as a question of law.