Hillsborough, ⎱
   Jan. 4, 1916. ⎰

## STATE *v.* WILFRID LAVOIE.

## STATE *v.* ALFRED MORIN.

The term, "works of necessity," within the meaning of the exception in the Sunday law (P. S., c. 271, s. 3), prohibiting labor on that day has the same restricted meaning as in earlier times.

Driving a laundry team through the streets on Sunday and collecting thereby bundles of dirty clothes, to be washed and returned the next day, is not a work of necessity within the meaning of P. S., c. 271, s. 3.

APPEAL, from the district court for the district of Nashua on complaints brought under chapter 271, section 3, Public Statutes. Both defendants were employed by one Fossa, the proprietor of a laundry in Nashua. On the Sundays mentioned in the complaints the defendants drove Fossa's laundry team through the streets of Nashua in the afternoon, collecting bundles of dirty clothes, and carried them to Fossa's place of business to be washed and returned on Monday. One and sometimes two other men were on the teams with the respondents, and there were people on the streets as they passed. The defendants were regular drivers for Fossa, and worked for him during the week. What they did on the days mentioned in the complaints was done in the prosecution of Fossa's business.

The defendants moved to dismiss on the ground that the work complained of was work of necessity. The court found the respondents guilty, and they excepted.

Transferred from the May term, 1915, of the superior court by *Branch*, J.

*John R. Spring*, solicitor, for the state.

*Doyle & Lucier*, for the defendants, furnished no brief.

PEASLEE, J. In *Hamilton* v. *Austin*, 62 N. H. 575, the strict limitation of the right to labor on Sunday was upheld, apparently as matter of law, for the reason that otherwise much confusion and uncertainty would follow from trying the question of necessity as one of fact in every case. The suggestion is there made that if a relaxation of the rule is desirable it should be effected by legislative exemption of specific cases. Shortly thereafter the legislature ex-

empted one class of labor (Laws 1883, c. 93), and in 1891 reenacted the statute as amended.    P. S., c. 271, s. 3.

In view of this history it must be concluded that the word necessity as used in this statute has the same limiting effect that it did in earlier times, and that the construction of the statute is not to be modified by the changed ideas of people in general upon the subject of the observance of Sunday as a day set apart from secular labor.

In the absence of argument or brief on behalf of the defendants, the particular theory of the law relied upon is left to conjecture; and an examination of the record discloses no error of law.

*Exception overruled.*

All concurred.